### GREENGARD v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court, of Appeals, Seventh Circuit. November 30, 1928.

No. 4026.

Leo S. Le Bosky, of Chicago, Ill., for petitioner.

Morton P. Fisher, of Baltimore, Md., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Petitioner, through this appeal, seeks relief from an adjudication of the Commissioner of Internal Revenue, affirmed by the Board of Tax Appeals, increasing his income tax for the year 1920 by $12,937.04. The taxpayer's criticism of this determination arises out of the Board's adoption of the cash receipts and disbursements method of determining his year's profits. For petitioner it is contended that the tax should have been computed on the accrual basis. Had this method been adopted, a large sum of money paid as commissions in 1921, but earned in 1920,

would have been deducted from the taxable income.

The Board affirmed the determination of the Commission, on the ground that no competent evidence was offered by petitioner which tended to support his contentions, and therefore the burden of showing error, which rested on him, was not overcome.

Petitioner contends (a) that he did have the burden of proving error in the Commissioner's determination; and (b) that he offered evidence which fully met the burden, if any existed.

■ The Board was correct in assuming the Commissioner's findings were correct, and in placing on the taxpayer the burden of establishing their unsoundness. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536.

Petitioner argues, however, that because his petition was verified, and the Commissioner's answer was not under oath, there was a default, or at least a shifting of the burden. He relies on section 907a, title 10, of the Revenue Act of 1926 (26 USCA § 1219), which reads:

"The proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe and in accordance with the rules of evidence applicable in courts of equity of the District of Columbia."

This section authorized the Board to prescribe rules governing the practice and procedure (other than rules of evidence). We fail to observe any pertinency then, in the citation of the equity rules of the District of Columbia respecting verifications to pleadings. The Board, having the authority to prescribe rules governing the practice and procedure, might have required or dispensed with a verification to either or both pleadings. No rule having been promulgated by the Board requiring a verification of the Commissioner's answer, none was necessary.

■ Likewise we reject the contention that the taxpayer's petition should be accepted as proof of the truthfulness of the allegations therein appearing.

The proof offered by petitioner was limited to the testimony of an accountant who stated that he had examined certain books of account, from which he was prepared to offer his expert opinion that such books were kept on the accrual basis. No one identified the books as being the books of account of the taxpayer, or that they were complete or correct. When these books were offered as

exhibits the Board, upon objection being made to their reception, properly excluded them. The witness' opinion was of no probative value.

No other evidence of any kind appears in the record except two exhibits: One a statement by the Commissioner accompanying the tax determination; and the other a statement, called a field report, made by an internal revenue agent. In the first statement the following appears:

"Inasmuch as you kept no books, did not file returns for 1917 and 1918 until after the examination was started by the agent, and your return for 1919 does not show on what basis it was filed, it appears the only method to be used is the cash receipts and disbursements method."

In the field report the following appears:

"His only records are daily report sheets from the stores and check books, kept at Chicago, and his return is made on a cash receipt and disbursement basis, excepting that the accounts payable are as shown to be due from the books of the Regent Tailors, Inc., and the only company to keep books. In 1920 he claimed $34,708.96 as accrued commissions due but same is now disallowed for reason that he keeps no books and cannot report on an accrual basis."

This exhibit, instead of supporting the allegations of appellant's petition, sustains the finding or conclusion of the Commissioner.

In all trials by the Board of Tax Appeals, there is, as there must be, considerable informality, the sole object being to ascertain the true state of the taxpayer's income. Nevertheless such informality cannot be so extended as to defeat the true purpose of the hearing.

The taxpayer, under section 212 (b) of the Revenue Act (26 USCA § 953), may select the method of determining his net income. Section 212 (b): "The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * *in accordance with the method of accounting regularly employed in keeping the books of such taxpayer."* But obviously it would be unfair to permit the taxpayer to report on one basis one year and upon a different basis the next year.

Likewise provision is made to cover cases where no method of accounting has been adopted by the taxpayer. The statute reads: "But if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made" upon such basis and in such manner as, "in the opinion of the Commissioner, does clearly reflect the income."

In the instant case, the taxpayer did not keep books. His previous reports were not indicative of the basis by him adopted. He refrained from filing any report until the government's investigating officer began checking him up. He then filed reports for the three preceding years. The 1919 report does not disclose the basis for determining his net income. Even had these three annual reports been prepared on the accrual method, they would have had small significance, in view of the circumstances under which they were made.

The decree is affirmed.