Littleton, Judge,
delivered the opinion of the court:
Plaintiff, as assignee of John Post & Son Corporation, brought this suit to recover $18,090.99 for work done by its assignor under a construction contract with defendant prior to the date on which the Government terminated the contractor’s right to further proceed with the work under art. 9 of the contract.
Plaintiff’s first contention is that the action of the Government in terminating the contractor’s right to proceed on October 14,1941, was not justified and, therefore, constitutes a breach of the contract. We cannot agree. The contractor was in default on September 1, 1941 (all dates hereinafter mentioned are 1941), as to completion of six of the eight buildings called for by the contract, and was in default on September 30 and October 6 as to the two other buildings. None of the buildings had been completed on October 14. The contractor’s progress with the work was unsatisfactory to the contracting officer from early in August until the contractor’s right to proceed was terminated in October. In the circumstances the contracting officer might have terminated the contract earlier under article 9 for unsatisfactory progress (finding 8 and 9). This action on October 14 was specifically authorized by and was proper under article 9. Quinn v. United States, 99 U. S. 30, 32, 33. United States v. American Surety Co., 322 U. S. 96 (April 29, 1944).
*819 Plaintiff next contends that as the contractor’s assignee it is entitled to recover from the Government in liquidation of its claim the sum of $18,090.99 out of the sum of $21,802.98 (finding 10) earned by the contractor (plaintiff’s assignor) for materials furnished and work done for the period September 17 to October 7, inclusive. Plaintiff claims that this amount of $21,802.98 less 10 percent to be retained, or $19,-622.68 was due and payable under article 16 of the contract and the assignment pursuant to partial payment estimate No. 3 which it claims was approved by the contracting officer on October 7, and further claims that the Government was not entitled to retain this amount of $19,622.68 and apply it on the cost of completing the contract after October 14, or to apply it on actual damages sustained by reason of failure of the contractor to complete the work on time. Plaintiff insists that as between it and the surety on the contractor’s performance bond the Government was required, so far as this earned amount of $19,622.68 was concerned, to look to the surety for any excess costs of completion and damages. In view of the facts it is unnecessary to discuss the respective rights of an assignor and a surety.
On the facts in this case as set forth in the findings and under the provisions of the contract and the assignment, we are of opinion that plaintiff is entitled to recover only $3,-898.67, representing the difference between $7,132.02, the un-expended balance of the total contract price, including the amount of $19,622.68, on completion of the contract (finding 11) and $3,233.35, the actual damages sustained by defendant on account of delay caused by the contractor between September1 and December 22 (finding 12). P. W. & B. R. R. Co. v. Howard, 13 How. 307, 342, 343; Phillips & Colby Construction Co. v. Seymour et al., 91 U. S. 646, 651.
The Assignment of Claims Act of 1940, approved October 9,1940 (54 Stat. 1029), removed the bar of Bev. Stat. sections 3477 and 3737 against assignment of claims and authorized assignments to a financing institution, including any federal lending agency, of “moneys due or to become due from the United States or from any agency or department thereof, under a contract providing for payments aggregating $1,000 or more.” The act contained the proviso “That unless other *820 wise expressly permitted by such contract any such assignment shall cover all amounts payable under such contract and not already paid, * * *. Notwithstanding any law to the contrary governing the validity of assignments, any assignment * * * shall constitute a valid assignment for all purposes.” The act further provided that any contract of the War or Navy Departments might provide that payments to an assignee of any claim arising under such contract “shall not be subject to reduction or set-oif, and if it is so provided in such contract, such payments shall not be subject to reduction or set-off for any indebtedness of the assignor to the United States arising independently of such contract.” Article 24 of the contract of John Post & Son Corporation permitted assignment by the contractor under this act of 1940.
On August 5, 1941, the contractor assigned to plaintiff all its “right, title, and interest in and to all monies due or to become due from the United States” under the contract of June 30,1941. Upon the security of this assignment plaintiff advanced to the contractor from time to time a total of $38,500, the first advancement being made on August 8 and the last, in the amount of $4,000, on October 8,1941. Plaintiff received two partial payments in the amounts of $1,733.14 and $12,675.27, totaling $20,409.01, approved by the contracting officer and paid by the Army Finance Officer at Brooklyn as provided in the contract.
By the assignment of August 5 plaintiff acquired no greater rights in respect of payments or claims arising under the contract than its assignor, the contractor, had, and it may not, therefore, recover any more than the contractor could have recovered in the absence of the assignment. The Assignment of Claims Act of 1940, by providing that payments to an assignee under the contract could not be reduced by any indebtedness of the assignor to the Government “arising independently of such contract,” recognized that defenses available to the Government under the contract against the contractor would be equally available against the assignee. Plaintiff’s right, as assignee, to demand and receive partial payments for work performed, by the contractor was subject to the. rights of the Government *821 under the contract and were subject also to the performance by the contractor of its contractual obligations. Article 16 of the contract did not unconditionally require monthly partial payments for the value of work performed during the preceding month. This article was subject to the other provisions of the contract. It required that partial payments must be approved by the contracting officer, and unless his refusal on October 7 to approve a partial payment for work to that date amounted to a breach of the contract neither the contractor nor the assignee had a right to complain. Brooklyn & Queens Screen Manufacturing Co., a Corp., v. United States, 97 C. Cls. 532. His refusal was not such a breach. On October 7 the contractor was in default as to all work under the contract. It had been in default for 37 days in respect of six of the eight buildings. Its progress was then and had been for some time unsatisfactory to the Government, and the proof shows that it was for these reasons the construction engineer and the contracting officer refused on October 7 to approve for payment a partial payment estimate for material delivered and work performed for the period September 17 to October 7 (see findings 9 and 10). As a result of this situation and the inability of the contracting officer to obtain from the contractor assurance as to when it would complete the work, the contractor’s right to proceed was terminated and no further payments were approved or made to it. In these circumstances it is clear that the defaulting contractor could not rightly have insisted upon payment on October 7 for work performed to that date, and it could not now recover on account of the work performed more than the unpaid contract price less the cost of completing the work plus the damages sustained by the defendant. Plaintiff, as assignee, is in no better position.
The unexpended balance of the contract price, including retained percentage, after the work had been completed was $7,132.02. This represented the value to defendant of the work done by the contractor and not paid for up to the date its right to proceed was terminated. From this amount defendant is entitled to deduct the actual damages sustained by it by reason of delay due to the contractor’s default in *822 failing to complete the work within the time required by the contract. John M. Whelan & Sons, Inc., v. United States, 98 C. Cls. 601. Cf. The Prudence Co., Inc. v. Fidelity & Deposit Company of Maryland, et al., 297 U. S. 198, 205-207. The actual damage sustained is satisfactorily shown by the evidence to be $3,233.35 (finding 12). The contractor’s failure to complete the work on time was a breach of the contract. The contract, article 9, provided for liquidated damages in lieu of actual damages thereafter and until completion, if the Government did not terminate the contractor’s right to proceed before it completed the work. The Government did terminate the right to proceed and in this connection the contract provided that the Government might complete the work, by contract or otherwise, “and the contractor and his sureties shall be liable to the Government for any excess cost occasioned the Government thereby.” By terminating the contractor’s right to proceed the Government waived its right to collect the liquidated damages, United States v. American Surety Co., 322 U. S. 96 (April 24, 1944), but it did not waive or lose its right to claim and recover actual damages due to the contractor’s default. American Surety Co., v. United States, 136 F. (2) 437, 439. The parties have stipulated the facts with reference to the excess costs or expenses of defendant, as computed in finding 12, resulting from the delay due to failure of the contractor to complete its work on time, but plaintiff objects to the allowances of all these items of defendant’s field office overhead expense on the ground that defendant has not submitted sufficient evidence to show that these expenses were “reasonably or necessarily required” in connection with the contract. The method or formula employed in the stipulation and used in finding 12 for determining the amount of defendant’s expenses due to delay is the best and most reasonable method, if not the only method, available in this case. The method of allocation is consistent with the rule that where damages have been sustained the party responsible therefor may not complain as to the difficulty of their exact ascertainment or measurement. Eastman Kodak Company of New York v. Southern Photo Materials Co., 273 U. S. 359. Plaintiff has suggested no better method of computation than *823 that which we have employed. The expenses allowed were actually incurred, and plaintiff has submitted no proof in support of its objection that they were not reasonably or necessarily required. United States v. Behan, 110 U. S. 338, 345, 346.
The difference between the amount of $7,132.02, value of the work performed by the contractor prior to termination, and $3,233.35, damages sustained by defendant, is $3,898.67, and judgment will be entered in favor of plaintiff for this amount. It is so ordered.
Madden, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.