286

## MANSUSS REALTY CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 213.

Circuit Court of Appeals; Second Circuit.

June 13, 1944.

Howe P. Cochran, of Washington, D. C. (Margaret F. Luers, and Betty Cochran Stockvis, both of Washington, D. C., of counsel), for petitioner Mansuss Realty Co. Inc.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Melva M. Graney, Sp. Assts. to the Atty. Gen., for Commissioner of Internal Revenue.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The Commissioner of Internal Revenue disallowed a deduction of $1,900 taken by the taxpayer Mansuss Realty Co., Inc., as an accrued office salary due its president Jacob Sussman for the year 1938 and paid to him on March 16, 1939. Jacob Sussman and his wife, who owned all the stock of the taxpayer, filed a joint income tax return on March 15, 1939, in which they did not report the $1,900 salary as income received during 1938 but, on June 19, 1940, filed an amended return which included the salary item and specified that the return was filed on an accrual basis. Jacob Sussman kept no personal books or accounts. The taxpayer filed its original income and excess profits tax return for the year 1938 on an accrual basis and in it deducted Sussman's salary which had accrued that year.

The Tax Court held that the taxpayer had not established that the $1,900 received by Sussman on March 16, 1939 was paid within two and one-half months after the close of the calendar year 1938 or that the latter was on an accrual basis and hence entitled to include that item in his 1939 income, as he had done in his amended return.

The Tax Court and the Commissioner denied the deduction because of the following statutory requirements of Section 24(c) (1), (2) and (3) of the Revenue Act of 1938, 26 U.S.C.A.Int.Rev.Code, § 24(c) (1–3):

"Sec. 24. Items not deductible.

\* \* \* \* \*

"(c) Unpaid expenses and interest. In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

"(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and

"(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is

not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

"(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24(b)."

It would seem to follow from the above provisions that the deduction of $1,900 from the 1938 income should be allowed unless (1) the payment was not made by the taxpayer within the taxable year or within two and one-half months after its close, (2) the payment by the taxpayer to Sussman was not properly includible within the taxable year because he was not entitled to report on an accrual basis, and (3) both the taxpayer and Sussman were persons between whom losses must be disallowed under Section 24(b).

It is conceded that the taxpayer and Sussman were persons who would not be allowed to deduct losses under Section 24(b), 26 U.S.C.A.Int.Rev.Code, § 24(b). Therefore, we only have to consider (a) whether the payment of $1,900 to Sussman on March 16, 1938 was made "within two and one half months" after the close of the taxable year, and (b) whether Sussman was entitled to include the payment as gross income in his 1938 income tax return.

The words "within two and one half months after the close" of the taxable year are somewhat ambiguous. They might conceivably mean a period of 75 days, that is to say, two and one-half months of 30 days each. They might mean 31 days for January, 28 days for February and 15½ or (disregarding fractions of a day) 16 days for March—that is to say, an aggregate period of 74½ or 75 days. On none of the foregoing assumptions would the payment on March 16 fall within the period fixed by the statute. The words also might refer to the months as they ran so that January and February, though having 31 and 28 days respectively, would make up two of the months, and one-half of March would, if fractions of March 16 were overlooked, include the whole of that day.

The judge who wrote the opinion of the Tax Court regarded the statute as compelling him to construe the statute literally and to hold that the period of two and one-half months expired at noon on March 16th as that month had 31 days. He placed his decision that the payment was not within that period on the ground that the taxpayer had not met the burden of showing that the payment on March 16 was made before noon.

Treasury Regulations 101 promulgated under the Revenue Act of 1938, Art. 24-6 related to disallowance of deductions for unpaid expenses and interest under Section 24(c) of that Act. They contained an example in which the deductibility of interest by a corporation in the computation of its net income for the year 1938 was involved and said that: "In the event the * * * Corporation should pay such interest after March 15, 1939, no deduction therefor would be allowable in computing its net income for the year in which the payment was made." While Judge Kern, who wrote the opinion for the Tax Court, did not rely on the statement in Art. 24-6 of the Regulations and indeed regarded it as contrary to the provisions of Section 24(c) (1) of the Revenue Act, we regard it as a permissible and practically desirable interpretation of that section. Moreover, it is to be observed that the judges of the Tax Court who concurred in the decision did not adopt the opinion of Judge Kern but concurred only in the result. We should suppose their action might well have been due to a disapproval of treating the period as expiring at a particular hour on March 16 and thus placing upon the taxpayer the burden of showing that the payment was actually made before that hour. Judge Kern's interpretation of the Act seems practically most undesirable and also quite out of accord with the general use of the 15th of the month as the determinative date generally applicable to the payment of income taxes. For this reason we hold that March 15 was the last day under which payment might be made by the taxpayer for purposes of deduction of business expenses incurred during the year 1938 and that any time on March 16 was beyond the limit fixed by the Act.

In respect to the question whether Sussman was entitled to include the payment of $1900 as gross income in his 1938 return we hold that the Tax Court was justified in finding that he was not entitled to file his income tax return on an accrual basis, and hence could not include the $1900

as income until 1939 when he received it. His own evidence was conflicting and the finding of the Tax Court is supported by the fact that in his original return for 1938 he did not report his salary of $1900 as income for that year.

The order of the Tax Court is affirmed.