### HERNDON v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 12617.

United States Court of Appeals
Fifth Circuit.

June 3, 1949.

Homer J. Fisher, Dallas, Tex., for petitioner.

Virginia H. Adams, Ellis N. Slack, and Morton K. Rothschild, Sp. Assts. to Attorney Gen., Theron Lamar Caudle, Asst. Atty. Gen., and Charles Oliphant, Chief Counsel, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves an alleged deficiency in income taxes for the year 1944 in the amount of $5,227.30. The principal

cause of the deficiency was the disallowance by the Commissioner of a deduction of $16,366.75 taken by appellant and his wife in computing their community income for the year 1944. The latter amount represented compensation earned by their son, Milton Herndon, under a contract of employment whereby he performed services for a partnership of which appellant was a member.

The question presented is whether a taxpayer who agrees to pay a salary to his son for partnership services, but does not actually pay all of it within the taxable year, may deduct the entire amount of such salary expenses incurred under Sections 23(a)(1, 2) of the Internal Revenue Code, 26 U.S.C.A. § 23(a)(1, 2), even though under Section 24(c) thereof such salary was not properly includible in the son's gross income for the same taxable year.

The record discloses the following material facts:

Since the year 1911 appellant has been engaged in the business of buying and selling eggs and poultry. In 1936 he formed a partnership with his brother, in which his brother owned a 60% interest and he owned 40%. His son started to work with him in 1928, and worked regularly thereafter, with the exception of several years spent in college. In 1941, appellant's son persuaded the firm to go into the egg drying business, and shortly thereafter he entered into a contract with his father whereby he was to receive 20% of his father's net profits from the partnership, in addition to a regular salary for his services. This contract was in force during the tax years 1942 through 1944.

An egg drying plant was built for the partnership in the year 1942 under direction of appellant's son, and was operated around the clock during the war years, the Government buying all of its output and constantly pressing for increased production. During the years 1942 through 1944 the gross sales of the partnership were about $4,000,000 per year, three-fourths of which was from the egg drying department. The average net profits of

the business were about $460,000, approximately 79% of which were attributable to the egg drying plant.

During the years 1942 through 1944 the son was paid a salary by the partnership in the amount of $2,815, $3,900 and $3,900, respectively. In addition, during 1943, 1944 and 1945, certain payments were made by the partnership for the benefit of the son, mostly for income taxes, and charged to the appellant's account. However, due to the fact that the firm was operating under loan agreements with the Reconstruction Finance Corporation which limited withdrawals by the partnership, appellant actually paid his son during this period only a relatively small part of the profits due under his contract. In his income tax returns for the tax years in question, appellant nevertheless reported his full distributive share of the partnership profits and income, and deducted as compensation due his son under the contract about $11,000 for 1942, $5,300 for 1943, and $16,000 for 1944. These amounts were also reported as income in the respective tax years by the son, and the income tax was paid thereon.

The Commissioner disallowed the entire amount of the deductions claimed by appellant for the amounts owing to his son under the contract. The Tax Court found that the salary paid by the partnership plus 20% of appellant's share of the profits under the contract was reasonable compensation to the son, and deductible as a business expense within the meaning of Section 23(a)(1)(A) of the Code. However, it disallowed, under Section 24(c), the deduction of 20% of appellant's share of the net profits, except for the amounts actually credited by the partnership to the son and charged to appellant's account, namely $2,431.51 in 1943, and $1,461.51 in 1944.

Section 24(c) of the Internal Revenue Code provides:

"Sec. 24. Items not deductible. * *

"(c) Unpaid expenses and interest. In computing net income no deduction shall be allowed under section 23(a), relating to expenses incurred, or under section 23(b), relating to interest accrued—

"(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and

"(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

"(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24(b).  *  *  *"

Since it does not appear that the sum disallowed as a deduction by the Commissioner and the Tax Court was paid within the taxable year 1944, or within two and one-half months thereafter, and since the person to whom the payment was made is a member of appellant's family within the meaning of Section 24(b) of the Code, the only remaining requirement of the statute necessary to exclude the claimed deduction is whether, by reason of the son's method of accounting, the amount of salary expense incurred, although not actually paid, was properly includible in the son's gross income for the year 1944. The answer to this question necessarily depends upon whether the son filed his returns on the cash basis or on the accrual basis.

We are of opinion substantial evidence supports the finding of the Tax Court that the son was on the cash basis of accounting, and that the salary compensation in excess of that actually paid was not includible in his gross income for the tax period in question. Mansuss Realty Co. v. Commissioner, 2 Cir., 143 F.2d 286; P. G. Lake, Inc., v. Commissioner, 5 Cir., 148 F.2d 898; Flynn v. Commissioner, 77 F.2d 180, 183, 5 Cir., Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

It is well settled that the burden is on the taxpayer to show that a claimed deduction is clearly allowable under the statute. New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; McDonald v. Commissioner, 323 U.S. 57, 60, 65 S.Ct. 96, 89 L.Ed. 68, 155 A.L.R. 119. Here, the taxpayer has manifestly failed to discharge that burden, for it was shown that the son indicated on his tax returns that they were filed on the cash basis, and that he kept no books of account, and had no established system of personal accounting whatever. See Greengard v. Commissioner, 7 Cir., 29 F.2d 502; Mansuss Realty Co. v. Commissioner, 2 Cir., 143 F.2d 286. Moreover, there is no evidence that the son ever contemplated or applied for a change from the cash to the accrual basis, as he was required to do under the Treasury Regulations. While he undoubtedly had the option of reporting his income under either method, it was nevertheless essential that the system used should be consistent within itself, as a taxpayer should not be permitted to accrue salary not paid when all of the other transactions on his return are treated on a cash basis. W. L. Moody Cotton Co. v. Commissioner, 5 Cir., 143 F.2d 712, 714; United States v. Mitchell, 271 U.S. 9, 12, 46 S.Ct. 418, 70 L. Ed. 799; Cecil v. Commissioner, 4 Cir., 100 F.2d 896, 902; Section 41, Internal Revenue Code, 26 U.S.C.A. § 41.

The Tax Court did not abuse its discretion in denying appellant's motion to reopen the record for further proof. No injustice will result from its decision, for the Commissioner here concedes that appellant is entitled to deduct in later returns the actual amounts disbursed by the partnership for the son's benefit, and charged to appellant's account. It therefore follows that appellant was not entitled, under Section 24(c) of the Internal Revenue Code, to deduct more than the amount of compensation actually paid for the benefit of his son during the tax year 1944. Mansuss Realty Co. v. Commissioner, 2 Cir., 143 F.2d 286; P. G. Lake, Inc., v. Commissioner, 5 Cir., 148 F.2d 898.

We find no reversible error in the record, and the judgment is accordingly affirmed.