## WOOTON et al. v. UNITED STATES.

### No. 49010.

United States Court of Claims.

Decided Oct. 3, 1949.

DeQuincy V. Sutton, Hattiesburg, Miss., T. J. Wills, Hattiesburg, Miss., on the brief, for plaintiffs.

Joseph H. Sheppard, Washington, D. C., and Assistant Attorney General Theron L. Caudle, Andrew D. Sharpe and A. F. Prescott, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiffs brought this suit to recover $52,858.67, with interest, representing the total of overpayments of income tax by F. T. Newton and his wife, Ethel, Flurry Newton, for the years 1941, 1942, and 1943. The suit is based upon a contract of assignment from the Newtons to Richard G. Wooton, in payment for legal services rendered by the latter.

From the allegations of the petition, the following facts appear:

F. T. Newton and Ethel Flurry Newton, his wife overpaid their Federal income tax for the years 1941, 1942, and 1943, in the aggregate sum of $52,858.67. F. T. and Ethel F. Newton assigned their right, title, and interest to and in any overpayments of income tax for the years 1941 to 1943, inclusive, to the decedent Richard G. Wooton, as payment for legal services already performed and to be later performed in connection with the assertion by the Commissioner of Internal Revenue of a deficiency or deficiencies in income taxes and a claim of defendant for $223,000, miscellaneous taxes, against F. T. Newton and his wife.

At the time of the execution of the instrument above-mentioned F. T. and Ethel F. Newton were indigent and unable otherwise to pay Richard G. Wooton.

F. T. and Ethel F. Newton were adjudicated bankrupts on August 31, 1944, by appropriate proceedings in the U. S. District Court for the Southern District of Mississippi, in Cause No. 189.

The amount of income tax overpaid by F. T. Newton and his wife for 1941, 1942, and 1943, was determined and allowed by the Commissioner of Internal Revenue in the sum of $52,858.67, and said sum was certified by him to the Comptroller General on or about July 20, 1947, as taxes erroneously collected, overpaid, and refundable. The Comptroller General has failed and refused to pay plaintiffs the amount of the overpayments so certified. Plaintiffs' demand made August 21, 1947, that said sum be paid to them was denied by the Comptroller General

Subsequent to the denial of plaintiffs' demand for payment of August 21, 1947, the Trustee in Bankruptcy petitioned the Referee in the bankruptcy proceeding No. 189, to set off the amount of the overpayment of $52,858.67, here involved, against miscellaneous taxes admittedly due by and from the bankrupts, F. T. and Ethel F. Newton, to the Collector of Internal Revenue for the District of Mississippi, in the amount of $108,000 with interest. This petition of the Trustee in Bankruptcy is being opposed by the Government on the ground that the Referee and the Bankruptcy Court have no jurisdiction over the overpayment of $52,858.67, above-mentioned.

The ground of the defendant's demurrer herein is that the facts alleged in the petition do not state a cause of action within the jurisdiction of this court. The question raised by the demurrer is whether the plaintiffs, as the heirs-at-law and next of kin of the decedent, Richard G. Wooton, may maintain this suit in view of the fact that the right of Wooton, through whom they claim, to assert a claim to the overpayment of tax was received through an assignment from the Newtons, which assignment is declared by Section 3477 of the Revised Statutes, 31 U.S.C.A. § 203, to be null and void as against the United States.

We are of the opinion that the demurrer is well-taken and must be sustained. Section 3477, supra, provides, so far as here material, as follows: "All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share, thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. * * *"

■ The assignment by Newton and his wife to R. G. Wooton of their right to the refund of any overpayment of tax by them was made 3 years 8 months and 18 days before such overpayment was determined, allowed, and certified on July 20, 1947, and it is clear from the language of the statute quoted that Wooton, as the assignee of Newton, could not have successfully maintained suit under the assignment for the recovery of the overpayment in question. The statute applies with equal force to the claims of plaintiffs since their rights in the claim are not greater than those possessed by Richard G. Wooton, deceased. Erwin v. United States, 97 U.S. 392, 24 L.Ed. 1065; Hager v. Swayne, 149 U.S. 242, 13 S.Ct. 841, 37 L.Ed. 719; Ball v. Halsell, 161 U.S. 72, 16 S.Ct. 554, 40 L.Ed. 622; Seaboard Air Line Railway v. United States, 256 U.S. 655, 657, 41 S.Ct. 611, 65 L.Ed. 1149.

■ Even if the assignment were valid the plaintiffs could not recover on the merits in view of the allegations in the petition that at the time the assignment was executed Newton and his wife were admittedly indebted to the United States in the sum of $108,000 for other taxes due by them. Newton and his wife could not by an assignment vest in R. G. Wooton any greater right in a claim against the Government than was possessed by them, Modern Industrial Bank v. United States, 101 C.Cl. 808, 820, 821. If this were a suit by F. T. and Ethel F. Newton they could not recover the overpayment of $52,858.67, in view of Section 159 of the Act of March 3, 1911, 36 Stat. 1087, 1139, 28 U.S.C.A. § 265, 28 U.S.C.A. Revised, § 1503, which requires every claimant to allege and prove that he is justly entitled to the amount claimed after allowing all just credits and offsets. The admitted liability to the Government for other taxes would be a proper offset against any claim by the Newtons.

The defendant's demurrer is sustained, and the petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.