## CENTRAL BANK v. UNITED STATES.*
### No. 49825.

United States Court of Claims.
July 15, 1952.

* Motion for new trial pending.

Llewellyn A. Luce, Washington, D. C., and George H. Koster, San Francisco, for plaintiff.

Joseph H. Sheppard, Washington, D. C., Ellis N. Slack, Acting Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

On December 30, 1944, the Graham Ship Repair Company, a partnership of Oakland, California, hereinafter referred to as the Graham Company, entered into a contract with the Navy Department for certain ship repair work. After the execution of the contract, the Graham Company arranged with plaintiff, a banking institution, for the financing of the work under contract and as security for funds to be advanced, the Graham Company, on January 31, 1945, assigned to plaintiff the proceeds payable to it under the contract, such assignment being made pursuant to the provisions of the Assignment plaintiff advanced to the Graham 1029, 31 U.S.C.A. § 203. Pursuant to such assignment plaintiff advanced to the Graham Company substantial sums of money for use in the performance of the contract. During the course of performance of the contract the Government ascertained that the Graham Company had failed to pay over and remit to the Collector of Internal Revenue the sums of $453,469.55, withholding tax, and $11,462.91, Federal unemployment tax, aggregating $464,932.46. These taxes represented amounts withheld from salaries and wages of employees or laborers of the contractor who were engaged in the performance of the Navy contract, above referred to. The amounts so withheld had been converted by the partners of the Graham Company to their own use. The Graham Company, as an employer, was required to withhold and pay over these taxes to the Collector by the provisions of Sections 1401 and 1622 of the Internal Revenue Code, 26 U.S.C. §§ 1401, 1622. Because of the failure of the contractor to pay such taxes to the Collector, the Navy Department declined to issue further job orders to the Graham Company and terminated the contract. The interest and penalties on the taxes which the Graham Company failed to pay, as required by law, amounted to $151,818.49, making a total of $616,750.95 due from the Graham Company on account of such taxes. The partners of the Graham Company were indicted for willful attempt to defeat and evade the payment of the withheld taxes and they pleaded guilty.

At the time the Navy contract with the Graham Company was terminated there was due to the Graham Company, for work performed under the contract, the sum of $110,966.08. At that time, also, the Graham Company was indebted to the plaintiff for an amount in excess of $110,966.08 for advances made by plaintiff in connection with the performance of the contract.

The taxes, interest, and penalties due from the Graham Company were duly assessed by the Commissioner of Internal Revenue. Plaintiff made claim for the balance due under the contract but the Government refused to pay said sum to it, and by a final settlement certificate issued by the General Accounting Office, May 18, 1950, the sum of $110,966.08 due the Graham Company was offset in partial satisfaction of the indebtedness of the Graham Company to the United States. After this offset, there remained due from the Graham Company $415,018.17 which is still outstanding and unpaid.

The United States had the right to set off the amount here in question due from it to the Graham Company under the contract of December 30, 1944, United States v. Munsey Trust Co., 322 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022; Modern Industrial Bank v. United States, 101 Ct.Cl. 808; Seaboard Surety Company v. United States, 107 Ct.Cl. 34; Royal Indemnity Co. v. United States, 117 Ct.Cl. 736. But the plaintiff contends that under the facts in this case such offset was improper and was prohibited by the provisions of the Assignment of Claims Act of 1940, 54 Stat. 1029, 31 U.S.C.A. § 203, inasmuch as the indebtedness of the Graham Company to the Government for the taxes in question arose independent-

ly of the contract of December 30, 1944, between the Graham Company and the Navy Department. The Assignment of Claims Act, so far as here material, provided as follows:

> "Any contract entered into by the War Department or the Navy Department may provide that payments to an assignee of any claim arising under such contract shall not be subject to reduction or set-off, and if it is so provided in such contract, such payments shall not be subject to reduction or set-off for any indebtedness of the assignor to the United States arising independently of such contract."

We are of the opinion that the indebtedness of the assignor, the Graham Company, to the United States for the taxes in question was not so independent of the contract of December 30, 1944, as to preclude the Government from offsetting the balance due under the contract against such indebtedness. As hereinbefore stated, the tax indebtedness of the Graham Company arose by reason of and in connection with its performance of work under this contract. The assignee knew that the contractor would be required to withhold and pay taxes to the defendant. The obligation of the contractor for the taxes in question arose before the partners converted such taxes to their own use and such obligation was therefore directly associated with the contract. The tax obligation in question also had a direct relation to the contract. Section 1622(a) of the Internal Revenue Code, 26 U.S.C. § 1622(a), provides:

> "Every employer making payment of wages shall deduct and withhold upon such wages a tax equal to 15 per centum of the amount by which the wages exceed the number of withholding exemptions claimed multiplied by the amount of one such exemption as shown in subsection (b) (1)."

Section 1623 of the Internal Revenue Code provides that "The employer shall be liable for the payment of the tax required to be deducted and withheld under this subchapter, and shall not be liable to any person for the amount of any such payment."

We do not find anything in the history of the Assignment of Claims Act which requires the conclusion that Congress intended to take away from the Government the right, in a case such as this, to offset a balance due from it to an assignor against an indebtedness of the character here involved of such assignor. It is true that the indebtedness of the Graham Company for the taxes in question was not entirely dependent upon the contract; but we think it is clear that such indebtedness was not entirely independent of such contract. In order to be independent, as we think that term was used and intended by the Assignment of Claims Act, the indebtedness must arise irrespective of, exclusive of, and separate from the contract, and must have no direct relation with such contract. We think Congress intended that the above quoted provision of the Assignment of Claims Act should be interpreted and applied in accordance with the ordinary and natural meaning of the language used.

The defendant was not a mere stakeholder but was the owner of the fund amounting to $110,966.08 to be disbursed, and was also the owner of a claim against said fund. As a general proposition of law, the Government was in a better position than plaintiff as a claimant to a fund representing the balance due under the contract. In United States v. Munsey Trust Co., 332 U.S. 234, 240, 67 S.Ct. 1599, 1602, 91 L.Ed. 2022, the Court said:

> "* * * And one whose own appropriation and payment of money is necessary to create a fund for general creditors is not a general creditor. He is not compelled to lessen his own chance of recovering what is due him by setting up a fund undiminished by his claim, so that others may share it with him. In fact, he is the best secured of creditors; his security is his own justified refusal to pay what he owes until he is paid what is due him."

From a careful consideration of the right of the Government, generally, to offset amounts due from it to a contractor against amounts due from such contractor, in the light of the facts in this case and the above

quoted provision of the Assignment of Claims Act of 1940, we are of the opinion that the offset made by the defendant in this case was proper and that plaintiff is not entitled to recover. The petition is, therefore, dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.