**Roman BARUTHA and Josephine Barutha, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 59–C–120.

United States District Court
E. D. Wisconsin.

Sept. 1, 1961.

---

Sydney M. Eisenberg and Andrew F. Slaby, Milwaukee, Wis., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Jerome Fink, and Bruno Lederer, Attys., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for refund of federal income taxes, penalties, and interest for the year 1948. Plaintiffs have assigned one-third of any recovery to their attorneys.

Plaintiffs did not file an income tax return for the year in suit. On August 3, 1950, a collector's return for the year 1948, based on a net worth determination of plaintiffs' taxable income, was filed by the Commissioner. The collector's return showed taxes due in the amount of $3,041.64; penalties due under Section 291(a), I.R.C.1939, Title 26 U.S.C.A., in the amount of $760.41; and interest due in the amount of $252.82. Subsequently, the above amounts, together with additional accrued interest of $1,292.10, were paid in November, 1955. Plaintiffs' claim for refund of said payment in a total amount of $5,346.97 was disallowed, and this timely action for refund was commenced.

During the year in suit, as well as prior and subsequent years, plaintiff, Roman Barutha, was engaged in the trucking and excavating business. In the summer of 1948, this previously small scale operator undertook a major contract wherein he seriously underestimated his costs. In the performance of said contract, Barutha acquired expensive equipment and incurred major expenditures. In May of 1949, Barutha initiated proceedings under Chapter XI of the Bankruptcy Act, and on July 25, 1949, he was adjudged a bankrupt.

It is plaintiffs' contention that the Commissioner's determination of taxable income was arbitrary and capricious in that it failed to take into consideration accrued liabilities for the year 1948 in an amount of $66,252.11. Plaintiffs claim that the business from which the taxable income is derived involves inventories in the form of work in process and must, therefore, be treated on an accrual basis under accepted tax accounting practice. They concede the correctness of assets and opening net worth as determined in their case. They contend that a recomputation of their taxable income based on a determination including said accrued liabilities would result in a showing of no taxable income for the year in question.

For reasons set forth below, it is the conclusion of the court that plaintiffs have failed to show that they are entitled to any recovery in this action.

It is well settled—and qualified witnesses for both parties so testified—that books and records adequately reflecting the financial data of a taxpayer for the taxable year in question are a prerequisite to the computation of federal income tax liability on an accrual accounting basis. Greengard v. Commissioner of Internal Revenue, 7 Cir., 1928, 29 F.2d 502, 504.

Agents of the Internal Revenue Service who conducted the audit to determine plaintiffs' taxable income testified that they were furnished some invoices. No journals, ledgers, or other records of accounts payable or accounts receivable were made available to them. In preparing the net worth determination for

computing taxable income, they treated plaintiffs as being on a cash basis of accounting. They gave effect to assets such as cash, stocks and bonds, real estate and furnishings, and machinery, equipment, and automobiles. They further considered liabilities of which they had knowledge, such as chattel mortgages, conditional sales contracts, and loans, which were reflected in or served to reduce the value of any of plaintiffs' assets. The agents gave no effect to accrued income or liabilities, such as accounts receivable or accounts payable.

■ In the absence of adequate records clearly reflecting income, the Commissioner's choice of net worth determination for reconstructing plaintiffs' taxable income is proper. Section 41, I.R.C. 1939, Title 26 U.S.C.A., applicable for the year in suit; Davis v. Commissioner of Internal Revenue, 7 Cir., 1956, 239 F.2d 187, 189, certiorari denied 353 U.S. 984, 77 S.Ct. 1284, 1 L.Ed.2d 1143; Baumgardner v. Commissioner of Internal Revenue, 9 Cir., 1957, 251 F.2d 311; Shahadi v. Commissioner of Internal Revenue, 3 Cir., 1959, 266 F.2d 495, certiorari denied 361 U.S. 874, 80 S.Ct. 137, 4 L.Ed.2d 113; and Holland v. United States, 1954, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

■ The net worth method is not a system of accounting. As stated in Davis v. Commissioner of Internal Revenue, supra, at page 189 of 239 F.2d:

> " * * * It is no more than proof of income by circumstantial or indirect evidence. If a taxpayer's net worth has increased over a period of time and the increase is not due to nontaxable receipts or nontaxable appreciation of assets, the conclusion is inescapable that taxable income has been received. * * * "

■ The net worth statement in the instant case was prepared in accordance with a generally accepted formula. See Cefalu v. Commissioner of Internal Revenue, 5 Cir., 1960, 276 F.2d 122, 126. Notwithstanding the unavailability of the agents' work notes prepared in this case, there was no evidence to indicate that said agents prepared the net worth determination in any but a careful and competent manner, giving effect to all factors of which they had knowledge. Under these circumstances, the Commissioner's computation of plaintiffs' taxable income has prima-facie validity.

■ In a suit for refund of income taxes paid, the taxpayer has the burden of overcoming the presumption of validity of the Commissioner's determination and of his showing that the computation was in error. Further, the taxpayer must establish the essential facts from which a correct determination of his tax liability can be made. United States v. Pfister, 8 Cir., 1953, 205 F.2d 538, 542.

Plaintiffs have failed to meet this burden. Other than documentary evidence and testimony as to specific items of allegedly accrued liabilities, they have produced no books of account or records reflecting their financial data for the year in question. They propose a theory of reconstruction of their taxable income which combines elements of cash basis as well as accrual accounting practice. Plaintiffs accept the statement of assets of the Commissioner's net worth determination. There was testimony that there was due Roman Barutha as of December 31, 1948, some $17,000 on one contract and lesser sums, possibly disputed, in respect to other work he performed during the taxable years. Nevertheless, plaintiffs have not offered or proved these items as accounts receivable in respect to their claimed inventory of work in process. It follows that they reconstruct their assets on a cash basis of accounting, reflecting income only to the extent actually received and not as earned or accrued.

As to liabilities, plaintiffs contend that these should include items of debts and obligations incurred but not paid by them in respect to the work in process. Thus, under plaintiffs' reconstruction, liabilities are to be treated under accrual accounting principles.

■ Use of a hybrid method, such as proposed here, which simultaneously com-

bines cash basis and accrual principles is inconsistent with accepted tax accounting practice. Herndon v. Commissioner of Internal Revenue, 5 Cir., 1949, 175 F. 2d 55, 57. It distorts rather than clearly reflects the financial data necessary for a proper determination of taxable income. Assuming, arguendo, the validity of the allegedly accrued liabilities, plaintiffs have nevertheless failed to reconstruct their taxable income for the year in question with sufficient accuracy and certainty to permit computation of their tax liability or to entitle them to a refund of any alleged overpayment of their tax.

■ Further, plaintiffs have failed to prove that all of the allegedly accrued liabilities do in fact constitute accrual items under accepted accounting practice. In order to warrant accrual treatment, an item of expense must be definitely incurred in the operations of the year in question, and the obligation to pay must be certain, although payment may be postponed to a subsequent year. H. H. Brown Co., 1927, 8 B.T.A. 112, 117.

■ As proof of said liabilities, plaintiffs have produced some twenty judgments entered against Roman Barutha in the Civil and Circuit Courts of Milwaukee County, Wisconsin, the file of Barutha's bankruptcy proceedings, and certain other allegedly corroborating evidence. Analysis of the files of these twenty cases reveals that Case Nos. 222–486, 946–635, 969–219, 971–999, 981–410, 982–192, 994–508, 994–566, 995–332, 998–76, 999–705, A–3–812, and A–3–856 do not constitute accrual liabilities in that the underlying obligations were not related in whole or in an ascertainable part to the taxable year; in that in some instances the liability was contested as of December 31, 1948; and in that in other instances the amounts claimed as a liability constituted and included court costs and interest chargeable to other years.

Case Nos. 997–671, 999–070, A–772, A–997, A–5–884, A–12–205, and A–13–231 may involve obligations chargeable as accrued liabilities. In none of these cases have plaintiffs furnished a breakdown of the amounts they claim as a liability. The claimed amounts also include court costs and interest factors which are not chargeable to the taxable year and which cannot properly be allocated on the basis of the information furnished by plaintiffs.

■ In proof of additional allegedly accrued liabilities, plaintiffs offered Roman Barutha's testimony as to his outstanding obligations for the year 1948, supported by summaries prepared from the file of his bankruptcy proceedings and other evidence. Barutha's testimony was indefinite as to amounts and in several instances in conflict with the amounts as stated on lists and bankruptcy records. The schedule of unsecured creditors and unadjudicated claims by unsecured creditors filed in the bankruptcy proceedings lack sufficient probative value and certainty to establish these obligations as proper accrual items in this action for refund of taxes.

One item, however, involved an obligation for $22,032.63 which was further proved by the testimony of the creditor and by the creditor's books and records. The testimony of another creditor was in conflict with the file of a case submitted to prove judgment liability in respect to the obligation as to which he testified. This file, Case No. 994–566, reveals that the claim was disputed as of December 31, 1948.

It may be noted, assuming that plaintiffs had in fact established some accrued liabilities as, for example, the $22,000 item, and further assuming that this were a proper case for accrual accounting, that it does not necessarily follow that an overpayment of tax has been established in this case. The proper items constituting accounts payable generally appear to be cancelled out by the items of accounts receivable as indicated by the record, such as sums due in respect to the work in process, as well as other receivables shown by claims asserted by Barutha in the actions which ultimately resulted in judgments against him, e. g. Case Nos. 994–566 and A–3–

856. Plaintiffs' contention that recomputation of taxable income under the accrual accounting method would wipe out all taxable income for the year 1948 has not been proved.

One other item of allegedly accrued liability requires comment because this may involve the correctness of the net worth determination. Barutha testified that this obligation to one Ashmus represented an offset against certain of his assets listed in the net worth statement, and that the creditor ultimately foreclosed on said assets. The file relating to this obligation, Case No. 997–671, reveals that the note purportedly was secured by a chattel mortgage. No further evidence of said mortgage was produced on the trial. Execution of the judgment rendered on the note was returned unsatisfied as of February 1949. The proof as to this item is too uncertain to require adjustment of the net worth determination to reflect this liability.

After careful consideration and study of plaintiffs' theory of recovery and of the uncorrelated and unanalyzed mass of evidence offered in support thereof, the conclusion is inescapable that plaintiffs' claim and offered proof are based on a misconception of rudimentary accounting and tax law principles and practice. See Baird v. Commissioner of Internal Revenue, 7 Cir., 1958, 256 F.2d 918, affirmed sub nom. Commissioner of Internal Revenue v. Hansen, 360 U.S. 446, 79 S.Ct. 1270, 3 L.Ed.2d 1360. Plaintiffs have failed to offer adequate proof for reconstruction of their financial data for the year 1948 to permit computation of their tax liability under the method of accrual accounting. Further, they have failed to demonstrate that the Commissioner's computation of taxable income based on the net worth determination is in error. The alleged double listing of an asset which plaintiffs noted on the trial—after stipulating to the correctness of the assets—if in error, is self-correcting since a similar listing was used in the closing net worth. This does not affect the computation of taxable income.

Although the issue has become moot in view of the court's conclusion that plaintiffs are not entitled to any refund of taxes, it should be observed that their attempted assignment of a portion of any recovery in this action prior to allowance of the refund claim is null and void as against the government for lack of compliance with the statutory conditions precedent. Section 203, Title 31 U.S.C.A.; National Campaign Committee v. Rogan, D.C.S.D.Cal.1945, 69 F.Supp. 679, 688; Wooton v. United States, 1949, 86 F.Supp. 143, 114 Ct.Cl. 608, certiorari denied 339 U.S. 903, 70 S.Ct. 517, 94 L.Ed. 1333; and see In re Sussman, 3 Cir., 1961, 289 F.2d 76.

In accordance with the foregoing decision, the court's findings of fact are as follows:

1. This is a timely action for recovery of income taxes paid.

2. Plaintiffs are residents of the Eastern District of Wisconsin.

3. Plaintiffs have failed to establish that the Commissioner's computation of taxable income based on a net worth determination is in error.

4. Plaintiffs have failed to furnish adequate evidence to permit the reconstruction of their taxable income and determination of their tax liability for the year 1948 under principles of accrual accounting.

The court's conclusions of law are as follows:

1. The court has jurisdiction of this action pursuant to Section 1346(a) (1) of Title 28 U.S.C.A.

2. Plaintiffs have failed to meet their burden of proof to entitle them to any refund of federal income taxes for the year 1948.

The clerk is directed to enter judgment in conformity herewith, dismissing this action.