**Wesley JUNG and Barbara Jung, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 83–C–1517.**

United States District Court, E.D. Wisconsin.

Dec. 6, 1988.

Earl A. Charlton, Milwaukee, Wis., for plaintiffs.

Mark Nebergall, U.S. Justice Dept., Tax Div., Washington, D.C., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In 1984, a jury determined that the plaintiffs were entitled to recover a refund of federal income taxes erroneously assessed and collected for the 1974 and 1975 tax years. The amended judgment reflects that plaintiffs were entitled to receive $24,927.63 for the 1974 overpayment and $42,220.45 for the 1975 overpayment. The judgment was affirmed on appeal. 787 F.2d 596 (7th Cir.1986). On January 14, 1987, the government offset the entire amount of the judgment against plaintiffs' unpaid 1979, 1981, 1984, and 1985 taxes but did not notify the plaintiffs of the offset until March 24, 1987.

After the plaintiffs refused to file a satisfaction of judgment, the government filed a "motion for appropriate relief" seeking a court directive that the clerk mark the judgment satisfied. In opposing the government's motion, the plaintiffs have moved the court for an order directing the government to apply the amount obtained by the judgment toward their attorney's fees and certain other tax liabilities. The government's motion will be granted; the plaintiffs' motion will be denied.

The first issue is whether the government properly offset the judgment against plaintiffs' other tax liabilities. Plaintiffs contend that the government had no right to offset the judgment against their other tax liabilities because their payments on their 1974 and 1975 taxes were voluntary and, therefore, should have been directed according to plaintiffs' instructions. A taxpayer may direct the Internal Revenue Service to apply *voluntary* payment of taxes according to the taxpayer's instructions, but a taxpayer does not enjoy the same ability in relation to the *involuntary* payment of taxes. *National Bank of the Commonwealth v. Mechanic's National Bank*, 94 U.S. 437, 24 L.Ed. 176 (1877); *Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir.1983).

The court finds that the government was free to offset the amount of the judgment in the manner it chose for two reasons. First, while the plaintiffs' payment of their 1974 taxes appears to have been voluntary in nature, there is nothing in the record indicating that the plaintiffs instructed the government to apply their 1974 overpayment to particular tax liabilities. The record reveals that plaintiffs had an ample opportunity to do so between the appellate decision on March 10, 1986 and the setoff on January 14, 1987. Second, the payment of the 1975 taxes occurred after the government obtained a levy and forced the sale of the plaintiffs' home; this makes the payment of the 1975 taxes involuntary. *Muntwyler*, 703 F.2d at 1032.

The remaining issue is whether the government should have honored the assignment between the plaintiffs and their attorney. Before they filed the action to recover the overpayments, the plaintiffs agreed, in writing, to assign up to $15,000 of their potential recovery to their attorney as his fee. Plaintiffs now assert that the government should have honored that assignment before applying the overpayments to other tax liabilities. The government counters that the assignment is void for failure to comply with the requirements of 31 U.S.C. § 3727 which provides:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. The assignment under this subsection is valid for any purpose.

Failure to abide by these requirements results in an ineffective assignment. *Barutha v. United States*, 197 F.Supp. 182 (E.D.Wis.1961); *United States v. Warren*

*Corp.*, 624 F.Supp. 1163, 1166 (D.Mass. 1986); *Knight v. United States*, 596 F.Supp. 540, 543 (M.D.Ga.1984). Plaintiffs' attempted assignment fails because it was not made after the claim was allowed and the amount was determined, and it was not acknowledged, witnessed or certified.

Therefore, IT IS ORDERED that the government's motion for appropriate relief be and hereby is granted.

IT IS ALSO ORDERED that the clerk of the court mark the December 5, 1986 judgment satisfied.

IT IS FURTHER ORDERED that the plaintiffs' motion for an order designating how the government shall apply the refund be and hereby is denied.