SAM GREENGARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7716.   Promulgated October 10, 1927.

1. In the absence of books of account, or satisfactory evidence that the petitioner's method of accounting clearly reflects his income, the determination of the respondent that the cash receipts and disbursements method should be used is approved.

2. The Board is authorized by law to prescribe its own rules of procedure and practice, and the rules prescribed by equity courts of the District of Columbia as to procedure and practice before such courts are inapplicable.

*Leo S. Le Bosky, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income taxes of $12,937.04 for 1920.  Deficiencies and delinquent penalties were asserted for 1917 and 1918 and deficiencies for 1919 and 1920, but only the deficiency for 1920 is in controversy.  The deficiencies and penalties asserted for the various years are:

| Year | Deficiency | Penalty |
| --- | --- | --- |
| 1917 | $126.08 | $66.96 |
| 1918 | 204.30 | 51.08 |
| 1919 | 1,492.22 | |
| 1920 | 12,937.04 | |
| | 14,759.64 | 118.04 |

The deficiency for 1920 results from the disallowance of commissions paid in 1921, which were deducted from 1920 income, the petitioner claiming they had accrued and were deductible from gross income of 1920.

### FINDINGS OF FACT.

The petitioner, during 1920, was the owner of certain businesses known as the English Woolen Mills of Dallas, Tex., the English Woolen Mills and the Dundee Woolen Mills of Fort Worth, Tex., and the Regent Coat Shop of Chicago, Ill. The books kept by the petitioner trading as the English Dallas Woolen Mills were a check book, a day book, inventory sheets, and an account of the Regent Coat Shop which showed accounts due them. The records kept by the other stores consisted of daily report sheets showing an analysis of their day's business.

The petitioner had a written contract with his sons, Max and David C. Greengard, and his nephew, Max Meyer, whereby they were to receive a percentage of the profits as commissions in lieu of compensation and in consideration of their managing and conducting the various businesses. The commissions payable under the contract for 1920 amounted to $34,708.96, which was determined and paid in 1921.

On his 1920 return petitioner deducted these commissions as an accrued expense of that year. Respondent disallowed the deduction, holding that petitioner was on the cash receipts and disbursements basis of reporting income. The return for 1920 states that income was reported on the accrual basis. The 1919 return is silent as to the basis of the return. Neither return had balance sheets attached, but both showed that inventories were used at the beginning and end of the years.

### OPINION.

MORRIS: The correctness of the respondent's determination as to the deficiencies and penalties for 1917 and 1918 and the deficiency for 1919 are not in dispute. The determination of the deficiency for 1920 is disputed, and this proceeding presents the question whether certain commissions paid in 1921 are deductible items for 1920. The petitioner alleges that being on the accrual basis he properly accrued the commissions and deducted the same as an expense in 1920. The respondent denies that petitioner is on the accrual basis and asserts that petitioner's books of account do not clearly reflect income, and that section 212 (b) of the 1918 act provides that in such a case the computation is to be made in the manner which in the opinion of the Commissioner will clearly reflect income.

The only witness called by the petitioner was a public accountant through whom he attempted to introduce certain documentary evi-

dence. The witness, however, had only recently been employed by the petitioner, had no personal knowledge of the book entries, nor did he know that they were the petitioner's books other than that they had been so represented to him. He was therefore incompetent to testify as to the documents or their contents and the same were excluded when offered in evidence. The records kept by the petitioner were incomplete and in several of the businesses in which he was interested, no books of account were kept.

It is true that the use of inventories may indicate that the return is filed on the accrual basis and that books of account are kept on the same basis. But such evidence is by no means conclusive. Here we have the testimony of an accountant who stated that certain records maintained by the petitioner would, in his opinion, have been sufficient to prepare therefrom and file a return on the accrual basis, but he did not state that the books were so kept. However, the books and records are not in evidence and we are unable to determine whether petitioner kept his accounts on the accrual or cash receipts and disbursements basis. We therefore approve the determination of the respondent.

Counsel for petitioner contended at some length on brief that the allegations of fact of the petition should be accepted as true since the respondent's answer was not verified. In support of this contention counsel cited numerous Federal court cases and decisions of the District of Columbia courts, also the rules of practice of the Board, and the rules of the equity courts of the District of Columbia. The particular section of the law upon which counsel relies is section 907(a) of Title IX of the Revenue Act of 1924, as amended by section 1000 of Title X of the Revenue Act of 1926, which states, " The proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe and in accordance with the rules of evidence applicable in courts of equity of the District of Columbia."

Counsel then refers to Rule 39 of the rules of practice before the Board, which says: " RULE 39.—EVIDENCE. The rules of evidence applicable in courts of equity of the District of Columbia shall govern the admission or exclusion of evidence before the Board or any of its Divisions." Counsel also refers to Rule 8 of the equity rules of the District of Columbia Supreme Court: " Every pleading must be subscribed by the party or his attorney, and every pleading of fact, except as otherwise provided, must be verified by the affidavit of the party, his agent or attorney; * * * and when the United States or any officer thereof in its behalf is a party, the verification may be

made by any person acquainted with the facts, the Attorney-General or the attorney prosecuting or defending the action * * *."

We are unable to agree with the argument of counsel and we are of the opinion that the proposition advanced is not well founded in law. The statute expressly provides that the Board shall have the power to prescribe the rules of procedure and practice before it. Part of the provision contained in section 907 (a) *supra*, applies to evidence and its admission or rejection. Where questions of evidence are involved the Board is governed by the rules applicable in courts of equity of the District of Columbia, but where the question is one of procedure or practice, the rules applicable to the equity courts of the District of Columbia are inoperative. Having been vested by law with the authority to prescribe its own rules of procedure and practice the Board has promulgated the same. The Board has not promulgated a rule which requires that the answer shall be verified.

*Judgment will be entered for the respondent.*

Considered by TRAMMELL and LITTLETON.