**UNITED STATES et al. v. UNION TRUST CO. OF PITTSBURGH.**

No. 835.

District Court, W. D. Pennsylvania.
Jan. 4, 1936.

---

[1] In re Buntrock. No written opinion filed.

Robert H. Jackson, Asst. Gen. Counsel, for the Bureau of Internal Revenue, and Sp. Asst. to the Atty. Gen., of Washington, D. C., for petitioners.

Reed, Smith, Shaw & McClay, David A. Reed, and John G. Frazer, all of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

The Commissioner of Internal Revenue has petitioned the court for appropriate process to compel The Union Trust Company to obey a subpœna duces tecum issued by the United States Board of Tax Appeals. The trust company, pursuant to a rule to show cause, filed its answer wherein it asserted, inter alia, that the papers and books mentioned in the subpœna were irrelevant to the issue involved, and that their required production would constitute an unreasonable search and seizure in violation of the Fourth Amendment to the Constitution.

The proceeding was issued in a proceeding instituted by the petition of A. W. Mellon to the Board of Tax Appeals to redetermine a deficiency assessed in his income tax for the year 1931. The present controversy relates to two items of loss claimed in the petition for redetermination; one being upon an alleged sale of certain Western Public Service Corporation stock and the other upon a like sale of a number of shares of stock of the Pittsburgh Coal Company. The sales asserted by Mr. Mellon were each made to the Union Trust Company, the respondent. The Commissioner claims the transactions in question were not bona fide sales, but only colorable transfers made with intent to defraud the United States of a portion of the income tax of A. W. Mellon for the year 1931.

■ It would seem that the court is required to determine but one real issue: Does the subpœna violate the respondent's constitutional rights under the Fourth Amendment? A witness is not entitled to resist a subpœna for mere incompetency or irrelevancy. Blair v. United States, 250 U. S. 273, 39 S.Ct. 468, 63 L.Ed. 979; Nelson v. United States, 201 U.S. 92, 26 S.Ct. 358, 50 L.Ed. 673. In order that the question of admissibility may enter the scales at all, the papers demanded must be so manifestly irrelevant as to make it plain that the subpœna is but a step in a "fishing ·expedition," and thus an unreasonable search.

Examination of its first five paragraphs leads to the belief that thus far the subpœna must be sustained. The subject-matter plainly relates to the loss claimed by the taxpayer and disputed by the Commissioner.

The sixth to the seventeenth paragraphs, each inclusive, cause considerable doubt. The admissibility of the records demanded by these paragraphs, judging by the face of the petition, seems something more than questionable. The issue before the Board of Tax Appeals is between the taxpayer and the Commissioner, not between the Union Trust Company and the Commissioner, and a stretch of the imagination is required to induce a belief that the various papers mentioned in these paragraphs may become evidence in the case. Nevertheless, the subpœna demands the production of specific records, and it is not beyond the realm of possibility that other supporting evidence might render them admissible. This being so, and the production not appearing necessarily to be a violation of the constitutional right of the trust company, the question of admissibility must be left to the Board of Tax Appeals.

■ The eighteenth to the twenty-third paragraphs of the original subpœna have been quashed by the Board of Tax Appeals and are not before us. This leaves but one paragraph, the twenty-fourth, for consideration. This paragraph is a blanket demand for the production of the minutes of the Union Trust Company for the years 1931 and 1932. Lacking specification as it does, the paragraph is violative of the rights of the Union Trust Company under the Fourth Amendment, and the production of the records demanded by it will not be ordered.