RAYMOND M. HARTMAN, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 7309-72.    Filed December 15, 1975.

Raymond M. Hartman, pro se.
*Joseph M. Abele,* for the respondent.

OPINION

TANNENWALD, *Judge:* Petitioner has filed a number of pretrial motions with this Court. Remaining for our consideration are the following:

| Date filed | Motion |
| --- | --- |
| Nov. 16, 1973 | Notice of Exercise of Fourth & Fifth Amendment Rights and Motion for Removal to U.S. District Court |
| Dec. 5, 1973 | Motion for Discovery |
| Dec. 31, 1973 | Motion to Dismiss the Deficiency, etc. |

This Court has, by order, already disposed of many of the elements of petitioner's demands. In large degree, the rationale for such dispositions has been articulated in *Edward A. Cupp,* 65 T.C. 68 (1975),[1] and we see no purpose to be served by any reiteration herein. Petitioner does expand the allegations dealt with in *Cupp* by asserting that our refusal to allow him to be represented in these proceedings by Jerome Daly (who is a

[1] See also *Cupp v. Levi,* ___ F. Supp. ___ (W.D. Pa. 1975, 36 AFTR 2d, 75-5690, 75-2 USTC par. 9670); *Hartman v. Tannenwald,* —— F. Supp. ___ (W.D. Pa. 1974, 34 AFTR 2d 74-5330, 74-2 USTC par. 9503); *Hartman v. Switzer,* 376 F. Supp. 486 (W.D. Pa. 1974).

disbarred attorney and not authorized to practice before this Court) constitutes a conspiracy among this Court, the American Bar Association, and various local bar associations in violation of the antitrust laws and of petitioner's first amendment rights, fifth amendment privilege against self-incrimination, and an apparently penumbral right of free conscience. Although our discussion in *Cupp* focused on the right to counsel under the sixth amendment, we are equally satisfied that no such right is subsumed, as petitioner asserts, under any constitutional concepts of freedom of speech, press, peaceable assembly, and religion, or any privilege against self-incrimination, or any right of free conscience (which, in any event, we are unable to perceive as having any independently generated constitutional basis). In respect of any violation of the antitrust laws, petitioner's remedy, if any, must be found in another forum. Cf. *Hartman v. Tannenwald,* cited in n. 1 *supra.*

Raymond M. Hartman (hereinafter Hartman or *petitioner*) filed joint income tax returns with his wife, Catherine, for the years 1967 and 1968. On his 1969 income tax return (Form 1040), dated April 15, 1970, petitioner stated only his name, address, social security number, and filing status (single). On a one-page attachment, he explained that he was not furnishing any other information, based on the "common law, Declaration of Independence, United States and Pennsylvania Constitutions," and various sections of the United States Code. Under date of May 8, 1971, he filed a new document which he wished to have considered a part of his 1969 return. This voluminous document, accompanied by $20 ("Fiat Paper," according to petitioner), consisted of photocopies of parts of a Form 1040, various arguments that dollars are bogus and the Federal Reserve System is unconstitutional, and many other copied items, none of which was relevant to his income or deductions for 1969. Under date of April 15, 1971, petitioner filed a document accompanied by a payment of $25 "Fiat Paper" which he requested be considered his tax return for 1970. This latter document is almost identical to the one dated May 8, 1971.

A notice of deficiency, dated June 19, 1972, was issued, determining the following deficiencies and additions to tax:

---

[2] All Code section references refer to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specified.

| Year | Income tax | Addition to tax | |
| | | [2] Sec. 6651(a), I.R.C. 1954 | Sec. 6653(a), I.R.C. 1954 |
| --- | --- | --- | --- |
| 1969 | $4,016.24 | $1,004.06 | $200.81 |
| 1970 | 3,779.10 | 944.78 | 188.96 |

Schedule A, attached to the notice, shows that the deficiency was computed by averaging petitioner's net profits for 1967 and 1968, adding petitioner's average other income for 1967 and 1968, and deriving average adjusted gross income. This figure and a standard deduction were used to compute petitioner's unreported taxable income.

Petitioner has consistently refused to produce his books and records for examination by respondent.

In his motion to dismiss the deficiency, etc., petitioner argues that the notice of deficiency is invalid and hence we must dismiss it. In the alternative, he argues that the burden of proof should be shifted to respondent.

As to the invalidity of the notice of deficiency, petitioner first points to two sections of the Code:

SEC. 6201. ASSESSMENT AUTHORITY.

(a) AUTHORITY OF SECRETARY OR DELEGATE.—The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include the following:

(1) TAXES SHOWN ON RETURN.—The Secretary or his delegate shall assess all taxes determined by the taxpayer or by the Secretary or his delegate as to which returns or lists are made under this title.

SEC. 6020. RETURNS PREPARED FOR OR EXECUTED BY SECRETARY.

(b) EXECUTION OF RETURN BY SECRETARY.—

(1) AUTHORITY OF SECRETARY TO EXECUTE RETURN.—If any person fails to make any return (other than a declaration of estimated tax required under section 6015) required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary or his delegate shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) STATUS OF RETURNS.—Any return so made and subscribed by the Secretary or his delegate shall be prima facie good and sufficient for all legal purposes.

---

[2] All Code section references refer to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise specified.

He then argues:

By law all taxes, deficiencies, determinations or penalties must be based on *taxes shown on a return* prepared either by the taxpayer, who is the [petitioner] herein, or by the Secretary or his delegate, who is the [respondent] herein.

Petitioner concedes (and correctly so) that he filed no "return" within the meaning of the statute. *Edward A. Cupp, supra.* Thus, the question before us is: Does section 6020(b)(1) require the Commissioner to make a return for every taxpayer who fails or refuses to do so before a deficiency can be determined pursuant to section 6201? We think not.

In *United States v. Harrison,* an unreported case (E.D.N.Y. 1972, 30 AFTR 2d 72-5367, 72-2 USTC ¶ 9573), affd. — F. 2d — (2d Cir. 1972, 31 AFTR 2d 73-967, 73-1 USTC ¶ 9295), cert. denied 411 U.S. 965 (1973), the District Court ably traced the legislative history of section 6020(b), a history extending back to the 1860's, and concluded that there was nothing to show that Congress ever intended the statute to operate as the taxpayer there, and petitioner here, would have us hold. When section 6020(b) is lifted out of the Code and read literally, as petitioner has done, its scope is broad and its meaning and purpose hazy. But the Internal Revenue Code cannot be so read, for each section is not a self-contained whole, but rather a building block of a complex, interrelated statute. Based on its location in chapter 61 and the lack of any cross-references (other than to the word "return"), section 6020(b) is not to be read as a prerequisite to the Commissioner's proceeding under section 6201(a)(1) (ch. 63). *United States v. Harrison, supra.*

Petitioner also argues that there has been no valid determination of a deficiency because there was no return filed by him. Section 6211(a) reads as follows:

SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) IN GENERAL.—For purposes of this title in the case of income, estate, gift, and excise taxes, imposed by subtitles A and B, and chapter 42, the term "deficiency" means the amount by which the tax imposed by subtitle A or B or chapter 42 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, *if a return was made by the taxpayer* and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.
[Emphasis added.]

A careful reading of subparagraph (1)(A) reveals the flaw in petitioner's position: the definition is directed at the situation where a return is made by the taxpayer, not to the situation where no return is so made. Section 301.6211-1(a), Proced. & Admin. Regs., fills in the gap and clearly provides that where a taxpayer files no return, the deficiency can be determined as if a return was made showing the amount of tax to be zero. Obviously, the fact that petitioner failed to file a return will not insulate him from a determination by the Commissioner that a tax is due and owing and a civil proceeding based thereon.

Finally, petitioner argues that the "so made and *subscribed*" language of section 6020(b)(2) (see p. 544 *supra*) requires that all determinations and findings of the Commissioner must be under oath. (Emphasis added.) Contrary to petitioner's position, section 6020(b)(2) imposes no oath requirement at all. The language cited by petitioner simply refers to a return made by the Secretary or his delegate pursuant to section 6020(b)(1) and "subscribed" by him. Webster's Third New International Dictionary (1965) defines "subscribe" as "to write (as one's name) underneath; sign (one's name) to a document." We find no reason to believe Congress intended to give the word other than this ordinary and well-known meaning. Moreover, sections 6211 and 6212, defining deficiencies and authorizing notices, contain no oath requirement. Cf. *Greengard v. Commissioner,* 29 F. 2d 502 (7th Cir. 1928), affg. 8 B.T.A. 734 (1927).

The position for which petitioner is contending is not within the spirit of our self-assessment system of taxation. See *United States v. Gilmore,* 222 F. 2d 167, 169 (5th Cir. 1955). To allow petitioner to sit "supinely by" and require the Commissioner to prepare and file a return for him before a deficiency could be determined and assessed "would put a premium on inertia that certainly is not within the spirit of our system of taxation." See *Sarah Briarly,* 29 B.T.A. 256, 259 (1933). We hold that the failure of either the petitioner or the respondent to file returns does not render invalid the deficiency notice herein.

As far as petitioner's alternative argument is concerned, under Rule 142 of the Rules of Practice and Procedure of this Court, the petitioner must carry the burden of proof with certain specified exceptions not applicable herein. Petitioner first argues

that, since respondent has not prepared and filed a return for him pursuant to section 6020(b), as an alternative to declaring the deficiency null and void we should shift the burden of proof to respondent. Since we have held that respondent was not required to prepare such a return, failure to do so cannot cause the burden to shift. Secondly, petitioner argues that placing the burden of proof on him violates the 4th, 5th, 7th, 9th and 14th amendments to the United States Constitution. That petitioner must prove respondent's determination to be erroneous is a fact of life in tax cases. *Welch v. Helvering,* 290 U.S. 111, 115 (1933); *Greenfeld v. Commissioner,* 165 F. 2d 318, 319 (4th Cir. 1947); *Joseph A. Indelicato,* 42 T.C. 686, 688 (1964). The record before us suggests no circumstances which would justify applying even the narrow exception to the usual rule, i.e., shifting the burden of going forward with the evidence to respondent, much less shifting the burden of proof. See *Efrain T. Suarez,* 58 T.C. 792 (1972). See also *Greenberg's Express, Inc.,* 62 T.C. 324 (1974).

Petitioner also seeks to dismiss the notice of deficiency on a variety of other grounds, all of which are without substance: (a) Because it is not based upon a constitutional monetary system, a ground rejected in *Edward A. Cupp, supra;* (b) because it is based upon "figures * * * picked at random out of the air," a ground that, given petitioner's failure to file returns and refusal to cooperate with the respondent, is totally without merit, see, e.g., *Arthur Figueiredo,* 54 T.C. 1508, 1512 (1970), affd. by unreported order (9th Cir. 1973); and (c) that if he produces his books and records and testifies in order to carry his burden of proof, he may incriminate himself, a position that also must be rejected in light of respondent's representation that there is no criminal prosecution or investigation in progress and the failure of petitioner to establish the likelihood that one may be instituted, see *Donaldson v. United States,* 400 U.S. 517, 532-536 (1971); *Arthur Figueiredo, supra; Hugo Romanelli,* 54 T.C. 1448, 1464 (1970), revd. and remanded on other grounds 466 F. 2d 872 (7th Cir. 1972); *John Harper,* 54 T.C. 1121, 1137-1138 (1970).

Petitioner's request that we grant him immunity is without merit, since jurisdiction to take such action is vested exclusively in the United States District Courts, and then only upon application of a United States attorney. See 18 U.S.C. secs. 6001, et seq. (1970). Similarly, we have no jurisdiction to order the

institution of a civil action for declaratory judgment or otherwise by respondent in a District Court. 28 U.S.C. secs. 2201 and 2202. We likewise reject petitioner's assertion that we are without power to issue subpoenas for the production of his books and records in connection with the trial of this case; our power in this respect has long been recognized. See sec. 7456; *United States v. Union Trust Co. of Pittsburgh,* 13 F. Supp. 286 (W.D. Pa. 1936); Rule 147, Rules of Practice and Procedure of this Court.

In view of the foregoing, to the extent that petitioner's motions have not yet been acted upon, they will be denied.

*An appropriate order will be issued.*