EUGENE F. CONNOLLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Connolly v. Commissioner
Docket No. 201-75
United States Tax Court
T.C. Memo 1977-62; 1977 Tax Ct. Memo LEXIS 374; 36 T.C.M. (CCH) 266; T.C.M. (RIA) 770062; March 14, 1977, Filed *374 Held, Federal reserve notes are dollars for purposes of the Internal Revenue Code. Held further, petitioner's constitutional rights have not been violated. Held further, respondent's reconstruction of petitioner's income and the additions to tax sustained. Held further, the additions to tax under secs. 6651(a), 6653(a), and 6654 are not Bills of Attainder. Eugene F. Connolly, pro se. Joseph M. Abele, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: *375 Additions to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1970
$ 762.14
$190.54
$38.11
$24.39
1971
1,420.85
355.21
71.04
45.47
1972
1,759.00
439.75
87.95
56.29
The issues for decision are: (1) whether respondent's reconstruction of petitioner's income for each of the years in issue is erroneous; (2) whether petitioner is liable for the additions to tax prescribed by sections 6651(a), 6653(a) and 6654; (3) if petitioner is so liable whether the imposition of such additions constitutes a Bill of Attainder; and (4) whether respondent's procedures and the proceedings before this Court violated petitioner's constitutional rights. FINDINGS OF FACT Eugene F. Connolly, hereinafter petitioner, resided in Force, Pennsylvania at the time he filed his petition herein. Petitioner did not file income tax returns for the years 1970, 1971 and 1972. Nor did he cooperate with respondent's agents in their efforts to ascertain his correct income for those years. On November 19, 1974, a notice of deficiency was issued to petitioner determining that during the years 1970 through 1972 he had adjusted gross income of $3,915, $6,518 *376 and $7,923, respectively. Deficiencies in tax were computed by use of the tax table with three exemptions being allowed. The "Explanation of Adjustments", which is attached to the notice of deficiency, contained the following: Explanation of Adjustments
(a) It is determined that you had unreported income during the taxable years 1970, 1971, and 1972. The determination is based upon a cost of living for said taxable years and an expenditure of $1,000.00 made by you in the taxable year 1971 for a downpayment on your house at Force, Pennsylvania. The cost of living was based upon tables and percentages furnished by the Bureau of Labor Statistics for non-metropolitan areas of Northeastern United States for said years. The amounts of the adjustment in each year are as follows: 1970
1971 1972
Food
$2,452
$2,593
$2,734
Shelter
2,501
2,673
2,823
Transportation
912
971
998
Clothing, personal and medical
Care
1,137
1,648
1,682
Other family consumption
639
606
621
Annual Costs for a 4-person
Family
$7,641
$8,491
$8,858
Percentage for a 3-person
Family
83%
83%
83%
Family necessities 3-person
Family
$6,342
$7,048
$7,352
Occupational expenses
539
555
571
Cost of living 3-person
Family
$6,881
$7,603
$7,923
Expenditure - house downpayment
--
1,000
--
$6,881
$8,603
$7,923
Less: Amount furnished by spouse
2,966
2,085
--
Adjusted Gross Income
$3,915
$6,518
$7,923
*377 OPINION Petitioner has advanced for our consideration a plethora of legal theories comprising many provisions of the United States Constitution and various other legal arguments. Unfortunately for petitioner none are novel and all have been consistently rejected by this Court, including his primary contention that Federal Reserve notes are not dollars.See Edward A. Cupp,65 T.C. 68 (1975), on appeal (3d Cir. July 26, 1976); Loren R. Gajewski,67 T.C. 181 (1976); Raymond M. Hartman,65 T.C. 542 (1975). We find no reason to deviate from our prior decisions and hold that the Federal Reserve notes received by petitioner constitute income to him and that his constitutional rights have not been violated. With respect to the substantive issues petitioner bears the burden of showing respondent's determination to be in error. Rule 142, Tax Court Rules of Practice and Procedure. Despite repeated warnings by the Court petitioner failed to produce any evidence pertaining to his income and deductions for the years at issue and in response to the questions posed to him chose to plead various provisions of the United States Constitution *378 which had no relation to the questions or the instant proceeding. [1] Hence respondent's determination as it relates to the deficiency is sustained. With respect to the additions to tax petitioner's position is that, since he received only Federal Reserve notes, he received no "dollars" and was not required to file a return or pay a tax. In light of our decisions in Cupp,supra, and Gajewski,supra, wherein we held that Federal reserve notes were dollars for purposes of the Internal Revenue Code we must reject this contention. Further, petitioner argues that these additions constitute Bills of Attainder in contravention of the Bill of Attainder clause. U.S. Const. Art. 1, § 9 cl 3. We think this argument is frivolous at best. Clearly the Bill of Attainder clause has absolutely no relation to the additions involved herein. It was inserted by the framers of the Constitution to prevent legislative punishment of specifically designated persons or groups. In essence it insured that the task of ruling on blameworthiness, reserved for an independent *379 judicial branch, would not be usurped by the legislative branch of government. United States v. Brown,381 U.S. 437 (1965). Apart from the obvious fact that Congress did not impose the additions involved herein, the very fact that petitioner has been provided with a judicial forum in which to present his case precludes us from finding that the additions are Bills of Attainder. It was his own decision not to adduce evidence on his own behalf and effectively utilize the forum in which he appeared. Decision will be entered for the Respondent. Footnotes
1. This Court on numerous occasions informed petitioner of the invalidity of his position.↩