RAYMOND M. HARTMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hartman v. Commissioner
Docket No. 7309-72.
United States Tax Court
T.C. Memo 1977-63; 1977 Tax Ct. Memo LEXIS 375; 36 T.C.M. (CCH) 268; T.C.M. (RIA) 770063; March 14, 1977, Filed *375 Held, Federal reserve notes are dollars for purposes of the Internal Revenue Code. Held further, petitioner's constitutional rights have not been violated. Held further, respondent's reconstruction of petitioner's income and the additions to tax sustained. Raymond M. Hartman, pro se. Joseph M. Abele, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Addition to Tax
Addition to Tax
Under
Under Year
Deficiency
Section 6651(a)(1)
Section 6653(a)
1969
$4,016.24
$1,004.06
$200.81
1970
3,779.10
944.78
188.96
*376 The issues for decision are: (1) whether petitioner's receipt of Federal reserve notes constituted taxable income to him; (2) if so, whether respondent's reconstruction of petitioner's income was erroneous; (3) whether petitioner is liable for additions to tax under sections 6651(a) and 6653(a), I.R. C., 1954; and (4) whether respondent's actions violated petitioner's constitutional rights. FINDINGS OF FACT Raymond M. Hartman, hereinafter, petitioner, resided in Beaver, Pennsylvania at the time he filed his petition herein. For his taxable year 1969 petitioner filed a Form 1040 dated April 15, 1970 on which he stated only his name, address, occupation, social security number, and filing status (single). On a single sheet attachment he stated that no other information was being furnished based on the "common law, Declaration of Independence, United States and Pennsylvania Constitutions," and on various sections of the United States Code. Under date of May 8, 1971 petitioner submitted a document he wished to be considered as part of his 1969 return together with $20 (which petitioner termed "fiat paper"). The document comprises photocopies of portions of a Form 1040, arguments *377 that dollars are bogus and that the Federal Reserve System contravenes the United States Constitution. On page 4 petitioner states: The money of account of the United States as expressed in Dollars or Units, dimes or tenths, cents or hundreths, and mills or thousandths, as coined by Congress with Congress fixing the Standard of weights and measures thereof for the year in question are as follows: Gold Eagles, Units or Dollars
No. $
Silver Dollars
No. 90
$ ?
Silver Half Dollars
No. 176
$ ?
Silver Quarters
No. 956
$ ?
Silver Half Dimes
No. $
Nickles
No. 1900
$ ?
Pennies or Cents
No. 1000
$ ?
Silver Dimes
No. 195700
$ ?
TOTAL INCOME AS EXPRESSED IN MONIES OF ACCOUNT OF THE U.S. $ . [1]
*378 The document contains nothing relevant to petitioner's income or deductions for 1969. Under date of April 15, 1971, petitioner submitted a document to the internal revenue service which he requested to be considered as his 1970 income tax return. This document is virtually identical to that dated May 8, 1971. On page 4 of the April 15 document petitioner states: The money of account of the United States as expressed in Dollars or Units, dismes or tenths, cents or hundreths, and mills or thousandths, as coined by Congress with Congress fixing the Standard of weights and measures thereof for the year in question are as follows: Gold Eagles, Units or Dollars
No. $
Silver Dollars
No. 109.00
$ ?
Silver Half Dollars
No. 94.00
$ ?
Silver Quarters
No. 104.00
$ ?
Silver Half Dimes
No. $
Nickles
No. 80.80
$ ?
Pennies or Cents
No. 35.40
$ ?
Silver Dimes
No. 189.10
$ ?
TOTAL INCOME AS EXPRESSED IN MONIES OF ACCOUNT OF THE U.S.$ ?
On June 19, 1972 respondent issued his notice of deficiency. The deficiency was computed by averaging petitioner's net profits and other income for 1968 in order to reach an average adjusted gross income. *379 This figure, a standard deduction, and a personal exemption were used to compute petitioner's unreported taxable income. Petitioner has refused to cooperate with respondent's agents and has consistently denied them access to his books and records. OPINION Petitioner filed various documents with the internal revenue service which he concedes are not valid returns. It is his position that the Federal Reserve notes that he received do not constitute income because they are not dollars within the meaning of Title 31 U.S.C., [2] in that they are devoid of intrinsic value since they cannot be redeemed in gold or silver. Hence, he concludes that having received no "dollars" he is not required to file a return under section 6012. We have on numerous occasions rejected this argument. Loren R. Gajewski,67 T.C. 181 (1976); Edward A. Cupp,65 T.C. 68 (1975), on appeal (3rd Cir. July 26, 1976). The thrust of these decisions was that Federal Reserve notes are dollars for tax purposes and that the statutory gold content of the dollar was irrelevant for the purposes of computing *380 taxable income. Petitioner's arguments are identical to those rejected in Gajewski and Cupp. We adhere to those decisions and again reject them in the instant case. Petitioner has also advanced a myriad of constitutional arguments for our consideration. We have previously rejected these contentions in connection with numerous motions made by petitioner and in our earlier decision herein. Raymond M. Hartman,65 T.C. 542 (1975). Petitioner has failed to provide us with a sound basis for reversing our decision, and we continue to reject his arguments. With respect to the substantive issues, to wit petitioner's tax liability and the additions to tax, the burden of proof rests on petitioner's shoulders. Raymond M. Hartman,supra. We do not doubt petitioner's sincerity. However, despite repeated warnings by the Court he refused to proffer evidence relating to his tax liability just as he had refused to cooperate with respondent's agents. He has consequently failed to meet his burden of proof and Decision will be entered for the Respondent. Footnotes
1. On December 21, 1971 the Internal Revenue Service received a letter from petitioner along with a replacement page for page 4 of the document that he filed for 1969. This newly submitted page 4 was different from the previous page 4 in that no question marks were set forth on the page. Instead, total income of $717.70 is set forth, as follows: Gold Eagles, Units of Dollars
No. $
Silver Dollars
No. 90
$90.00
Silver Half Dollars
No. 176
$88.00
Silver Quarters
No. 956
$239.00
Silver Half Dimes
No. $
Nickles
No. 1900
$95.00
Pennies or Cents
No. 1000
$10.00
Silver Dimes
No. 1957
$195.70
TOTAL INCOME AS EXPRESSED IN MONIES OF ACCOUNT OF THE U.S.$717.70.↩
2. See 31 U.S.C. secs. 314, 444 and 821 (1970)↩.