GEORGE CHRISTIAN BUMP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bump v. Commissioner
Docket No. 5388-75.
United States Tax Court
T.C. Memo 1977-109; 1977 Tax Ct. Memo LEXIS 331; 36 T.C.M. (CCH) 491; T.C.M. (RIA) 770109; April 14, 1977, Filed George Christian Bump, pro se. Patrick J. Dowling, for the respondent. SCOTT MEMORANDUM OPINION
SCOTT, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the calendar years 1969, 1970, and 1971 in the amounts of $198, $2,022, and $1,643, additions to tax under section 6651(a), I.R.C. 1954, [1] in the amounts of $49.50, $505.50, and $410.75, and additions to tax under section 6653(a) in the amounts of $9.90, $101.10, and $82.15, respectively. The basis for respondent's determination was stated to be that for the years 1969 and 1970 petitioner filed Forms 1040 which were devoid of information regarding income for those years, and for the year 1971 no return was *332 filed but that petitioner had bank deposits and had made certain sales of stock with an unknown basis in the years involved resulting in the income determined by respondent. In his petition, amendment to petition, motion for summary judgment and other documents filed with the Court, petitioner alleges that he received no amount in dollars during the years here involved since the only legal dollars are gold and silver or certificates redeemable in gold and silver, and that his rights under the 5th, 7th, 8th and 9th Amendments to the Constitution have been violated by depriving him of property without due process of law, depriving him of the right to trial by jury, inflicting cruel and unusual punishment upon him and depriving him of services by public servants who have taken an oath of office to defend the Constitution of the United States. Respondent in his notice of objection to petitioner's motion for summary judgment based on petitioner's request for a definition of a "dollar" and petitioner's statement that he was deprived of certain constitutional rights, alleged that respondent's initial determination was based on bank deposits and sales of stock by petitioner in the years *333 involved, but that with regard to certain of petitioner's stock sales respondent was unable to obtain information as to the basis of the stock to petitioner and had made his determination accordingly. Respondent further alleged that on August 16, 1976, he did receive from petitioner certain information that disclosed that the stocks which petitioner sold in the years here in issue had been received by petitioner by bequest and that respondent then determined the value of those stocks at the date of death of the decedent from whom petitioner received the stock, and on that basis determined that petitioner had no gain on the sale and that there were no deficiencies in the years 1969, 1970 and 1971. Having made this determination, respondent sent a proposed stipulation to petitioner for his signature stating that there were no deficiencies in income tax or additions to tax under section 6651(a) and section 6653(a) for the taxable years 1969, 1970, and 1971 due from or overpayments due to petitioner. Petitioner did not sign the proposed stipulation and when the case was called for trial respondent filed with the Court a notice of concession. In this notice respondent conceded that *334 petitioner did not have income during the years here involved as determined in the statutory notice of deficiency and by reason of this concession there are no deficiencies for those years. In this notice of concession respondent requests the Court to enter a decision that there are no deficiencies due from or overpayments due to petitioner and no additions to tax due under the provisions of sections 6651(a) and 6653(a) for the taxable years 1969, 1970, and 1971. Petitioner objected to the Court's accepting respondent's proposed concession and requested that a determination be made by the Court that there were no deficiencies with respect to his wife for the years here in issue, that he received no lawful dollars during the years here in issue, that his constitutional rights had been violated by respondent's action in determining deficiencies againsthim and that he was entitled to a jury trial in the United States Tax Court. We have held that where respondent files a notice conceding the substantive issue in a case and requests the Court to enter a decision of no deficiency, and petitioners oppose concession and urge the issuance of an opinion, it is within the discretion of *335 the Court to determine, in accordance with the interests of justice, whether a decision on the substantive issue will be made. McGowan v. Commissioner, 67 T.C. (Dec. 29, 1976). At the time the petition in this case was filed, petitioner's legal residence was Moorpark, California. The petition was filed in the name only of George Christian Bump. However, respondent, when this case was called for trial, stated that a notice of deficiency had also been sent to petitioner's wife, Liselotte W. Bump, determining deficiencies in tax in the same amounts as determined against petitioner on the basis that the income receivedby petitioner was community property and that 50 percent thereof was therefore taxable income of petitioner's wife. Respondent stated that when a decision of no deficiencies and no additions to tax is entered in petitioner's case he intends to abate the assessments of tax against petitioner's wife. Petitioner stated at the hearing on March 7, 1977, that he was claiming no overpayment of tax for the years here in issue. We have held in other cases before this Court that a contention that the only legal dollars in the United States are gold and silver *336 and certificates redeemable in gold and silver is frivolous. Cupp v. Commissioner, 65 T.C. 68, 80-81 (1975), on appeal (3d Cir., July 26, 1976). In the Cupp case we also held that no constitutional right of a taxpayer is violated by his not being entitled to a jury trial before this Court and that other constitutional rights of a taxpayer are not violated by respondent's investigation of his tax liability. In other cases we have disposed of other constitutional issues which petitioner contends we should decide in the instant case. See Hartman v. Commissioner, 65 T.C. 542 (1975); Gajewski v. Commissioner, 67 T.C. 181 (1976). There is no issue which petitioner contends should be decided in this case which has not been decided in other cases. It follows that no purpose would be served in not accepting respondent's concession. We have also held that a husband and wife are separate taxpayers and that separate notices of deficiency may properly be sent to them. See Dolan v. Commissioner, 44 T.C. 420 (1965). Where a taxpayer receives a notice of deficiency and files no petition with this Court within the time *337 provided by statute, this Court lacks jurisdiction to redetermine the tax liability of that taxpayer. Petitioner's wife has never filed a petition with this Court and therefore we have no jurisdiction to redetermine her tax liability. In our view no inequity is done to petitioner by accepting respondent's concession, and we do accept his concession. A decision will be entered that there are no deficiencies in petitioner's income tax and additions to tax as determined by respondent for the years here in issue. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩