JACK M. MAY and SARAH A. MAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
May v. Commissioner
Docket No. 7510-76.
United States Tax Court
T.C. Memo 1977-113; 1977 Tax Ct. Memo LEXIS 328; 36 T.C.M. (CCH) 498; T.C.M. (RIA) 770113; April 18, 1977, Filed *328 Jack M. May, pro se. John O. Kent, for the respondent. SCOTT MEMORANDUM OPINION
SCOTT, Judge: Pursuant to notice previously given, respondent's motion for summary judgment in the above-entitled case, filed January 21, 1977, was heard at Los Angeles, California, on March 7, 1977. The record shows that respondent determined a deficiency in petitioners' income tax for the calendar year 1974 in the amount of $2,196 and an addition to tax under section 6653(a), I.R.C. 1954, [1] in the amount of $110 and that within 90 days after the mailing of that notice petitioners filed a petition with this Court seeking a redetermination of that deficiency. The errors in the determination of deficiency alleged in the petition are that respondent did not obey Article 1, sections 7, 8, and 9 of the United States Constitution; that respondent violated the 13th Amendment of the Constitution; that Federal reserve notes must be identified as "DEPRECIATED CIRCULATING PAPER," a cheap substitute for the former 100 cent silver dollar; and that "any Judge who claims jurisdiction to a case of this kind cannot be in good behavior." *329 Footnotes
1. All statutory references are to the Internal Respondent in his motion for summary judgment alleges that the assignments of error made by petitioners raise no issue as to the correctness of the determination of deficiency and that there are no facts alleged in the petition which, if proven, would show error in respondent's determination. The "facts" alleged in the petition are in substance repetitions of the assignments of error. At the hearing on respondent's motion, Mr. May (hereinafter referred to as petitioner) agreed that the document attached to a memorandum filed by respondent was a true copy of his tax return. He stated that he had no defense against the deficiency determined by respondent in the notice of deficiency other than that all funds he received during the year 1974 were paid to him in Federal reserve notes which he contends had a value in 1974 of approximately 25 percent of their face value. The undisputed facts here show that petitioners, who resided in Santa Ana, California at the time their petition in this case was filed, filed a joint Federal income tax return for the calendar year 1974 with the Internal Revenue Service Center at Fresno, California. On this return they reported income of $3,857 from salaries and wages. They showed as "Total Federal income tax withheld" the amount of $2,398, from which they subtracted the $53.45 tax shown to be due on their return and requested a refund of $2,345. Attached to the return were four W-2 forms, which four forms showed total wages paid to petitioner of $15,428.93 and total Federal income tax withheld of $2,396.81. Petitioners' income tax return indicated that it was prepared by A. J. Porth, tax consultant. Attached to the form and signed under date of March 13, 1975, by A. J. Porth was a statement which read in part: "Preparer cannot call Federal reserve notes dollars." At the hearing, petitioner specifically admitted that he did receive as wages in the calendar year 1974 in Federal reserve notes the amount of $15,428.93, which was the amount used by respondent in his notice of deficiency as petitioner's wages. The issues raised by petitioners in their petition and in their argument at the hearing and on brief have previously been disposed of by this Court and other courts. In Cupp v. Commissioner, 65 T.C. 68 (1975), on appeal (3d Cir., July 26, 1976), and again in Hartman v. Commissioner,65 T.C. 542, 547 (1975), we rejected contentions of taxpayers that the monetary system based on Federal reserve notes violated various provisions of the United States Constitution. In those cases the constitutional issues raised were in some instances more specific than those raised by petitioners in this case and in other instances were as vague as are the constitutional issues which petitioners here raise. See also, Gajewski v. Commissioner,67 T.C. 181 (1976). In United States v. Wangrud,533 F.2d 495 (9th Cir.1976), the court specifically held that it is established by statute that Federal reserve notes, on an equal basis with other coins and currency of the United States, shall be legal tender for all debts, public and private, including taxes, and that this statutory provision is "well within the constitutional authority of Congress." See also Hartman v. Switzer,376 F.Supp. 486, 489 (W.D. Pa. 1974), in which the court stated that constitutional issues raised by the taxpayers there involved, similar to those raised by petitioners in this case, were "frivolous on their face." Since a timely petition was filed with this Court from a notice of deficiency issued by respondent, this Court has jurisdiction over this case. If petitioners' allegation of error that "any Judge who claims jurisdiction in a case of this kind cannot be in good behavior" is intended to be a contention that this Court is without the constitutional authority to hear this case, the contention is without merit. This Court does constitutionally have jurisdiction to decide this case. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); Jenneman v. Commissioner, 67 T.C. (Mar. 7, 1977). Respondent's motion for summary judgment will be granted and an order entered determining deficiencies as set forth in the notice of deficiency. An appropriate order and decision will be entered↩.