MICHAEL A. SMITH and BARBARA A. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 1413-77.
United States Tax Court
T.C. Memo 1978-297; 1978 Tax Ct. Memo LEXIS 221; 37 T.C.M. (CCH) 1242; T.C.M. (RIA) 78297; July 31, 1978, Filed *221 Held: Receipt of Federal Reserve notes constitutes taxable income; respondent's actions in enforcing the income tax laws against petitioner did not violate petitioner's constitutional rights. Michael A. Smith. pro se. Walter T. Thompson, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's Federal income taxes for the taxable year ended December 31, 1975 in the amount of $ 2,540. The issues for decision are: (1) whether respondent's actions violated petitioner's constitutional rights; (2) whether petitioner's receipt of Federal Reserve notes constitutes taxable income to him; and (3) if so, whether respondent's reconstruction of petitioner's income was erroneous. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Michael A. and Barbara A. Smith timely filed their joint Federal income tax return, Form 1040, for their taxable year ended December 31, 1975 with the director, internal revenue service, Ogden, Utah. Michael *222 and Barbara were divorced sometime after filing such return and before Michael filed the petition herein. While Barbara was named in the notice of deficiency, she did not sign the petition herein nor has she filed a consent and ratification of petition in this proceeding. All references herein to petitioner refer, therefore, to Michael. Michael and Barbara filed a Form 1040 in which most of the spaces were filled in with the word "none" and the rest of the spaces contained various constitutional objections. Thus, for example, they gave their adjusted gross income (line 15) as being "none"; they objected to listing the first names of their dependent children who lived with them (line 6b) saying: "Object - 4th Amendment right to privacy"; and they objected to showing the tax due (line 16a) because of their rights against "self incrimination". The only lines on the return where numbers are given are lines 21a, 22, 24, and 25 where the taxpayers show $ 1,646 as being withheld by and overpaid to the government. Attached to the Form 1040 are several Form W-2s which show that during the taxable year 1975 wages, tips, and compensation in the gross amount of $ 17,460.31 had been paid *223 to Michael and Barbara. These same Form W-2s showed that a total of $ 1,645.55 had been withheld on these wages--the apparent source of the taxpayer's shown overpayment of $ 1,646. In determining the amount of deficiency the respondent allowed taxpayers two exemptions ($ 1,500) and a standard deduction of $ 2,600. The total of these two figures ($ 4,100) was then subtracted from the taxpayers' total wages of $ 17,460.31 to arrive at a taxable income of $ 13,360.31. This generated a tax of $ 2,600. The taxpayers were allowed $ 60 in credits creating a total due of $ 2,540, a portion of which is subject to offset by the amount of Federal income tax withheld. OPINION Petitioner has advanced for our consideration a plethora of legal theories involving many provisions of the United States Constitution and various other legal arguments. None are novel and all have been consistently rejected by this Court. See Cupp v. Commissioner,65 T.C. 68 (1975), affd. by unpublished order (3rd Cir., June 10, 1977); Gajewski v. Commissioner,67 T.C. 181 (1976); Hartman v. Commissioner,65 T.C. 542 (1975). We find no reason to deviate from *224 our prior decisions and we hold that the Federal Reserve notes received by petitioner constitute income to him and that his constitutional rights have not been violated. With respect to the substantive issues petitioner bears the burden of showing respondent's determination to be in error. Rule 142, Tax Court Rules of Practice and Procedure. Despite repeated warnings by the Court petitioner failed to produce any evidence pertaining to his income and deductions for the year at issue and, in response to the questions posed to him, chose to plead various provisions of the United States Constitution which had no relation to the questions or the instant proceeding. Hence, respondent's determination of deficiency is sustained. Decision will be entered for the Respondent.