GORDON B. LEITCH, JR. and MARY C. LEITCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leitch v. Commissioner
Docket No. 12669-77.
United States Tax Court
T.C. Memo 1979-75; 1979 Tax Ct. Memo LEXIS 450; 38 T.C.M. (CCH) 321; T.C.M. (RIA) 79075; March 7, 1979, Filed *450 Ridgway K. Foley, Jr., for the petitioners. Ralph W. Jones, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's "Motion For Summary Judgment" filed October 16, 1978, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined deficiencies of $ 8,313.52 and $ 11,936.00 in petitioners' 1974 and 1975 Federal income tax. Petitioners were residents of Portland, Oregon, when they filed their 1974 and 1975 returns with the Western Region Internal Revenue Service Center in Ogden, Utah, and when they filed their petition in this case. Respondent, in his notice of deficiency, determined that petitioners understated their taxable income by $ 34,799 in 1974 and by $ 40,267 in 1975. On the returns in question, petitioners made downward adjustments to their reportable income by converting Federal Reserve notes received to "specie" dollars -- those related to gold and silver coin. They contend that gold and silver are the only measures of money defined in the Constitution. Thus, they do not contend Federal Reserve notes are not income -- they contend that they are taxable only *451 to the extent they relate to gold and silver, the Constitutional measures of money. Despite petitioners strenuous arguments to the contrary, this is not a new, novel and undecided area of the law. This Court has consistently upheld the Constitutional taxability of Federal Reserve notes as income and always at their face value -- not a discounted specie dollar value. We noted in Hatfield v. Commissioner,68 T.C. 895, 897 (1977): The courts have uniformly held that Federal Reserve notes constitute legal tender -- "money" -- which must be reported on a taxpayer's return in accordance with his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary. * * * We adhere to our prior position. See also Sibla v. Commissioner,68 T.C. 422, 430-431 (1977); Gajewski v. Commissioner,67 T.C. 181, 193-194 (1976), affd. without opinion 578 F. 2d 1383 (8th Cir. 1978); Hartman v. Commissioner,65 T.C. 542, 547 (1975); Cupp v. Commissioner,65 T.C. 68, 84 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). Accordingly, *452 respondent's motion is granted and, An appropriate order will be issued.