EDWIN ROLDAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roldan v. Commissioner
Docket No. 10257-78.
United States Tax Court
T.C. Memo 1980-73; 1980 Tax Ct. Memo LEXIS 512; 39 T.C.M. (CCH) 1240; T.C.M. (RIA) 80073; March 17, 1980, Filed *512 Edwin Roldan, pro se. Robert Droge, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $216.18 in petitioner's Federal income tax for the taxable year 1976. The sole issue is whether petitioner has substantiated claimed medical expenses deducted on his return for that year. Petitioner has his residence in Brooklyn, N.Y., at the time he filed his petition herein. In his petition, petitioner asserted no substantive position with respect to respondent's disallowance of a deduction of $1,111 for medical and dental expenses but simply asserted that he had not received a previous letter from respondent. That position is without merit, since this Court ordinarily does not look behind a notice of deficiency ( Human Engineering Institute v. Commissioner,61 T.C. 61, 66 (1973)) in respect of any possible irregulatities in the workings of the administrative process prior to the issuance of such notice. When the case was called for trial, petitioner stated that he would not present any evidence unless he was promised immunity from any possible criminal prosecution. *513 The Court explained to petitioner that it was without power to respond to such request. Hartman v. Commissioner,65 T.C. 542, 547 (1975). Petitioner then stated that he wished to claim the privilege against self-incrimination under the Fifth Amendment. The Court inquired as to whether there were any criminal prosecutions pending or contemplated against petitioner and was informed by petitioner and respondent's counsel that neither was aware of any such prosecution. The Court then explained that, even though it might recognize such claim (which would be doubtful, see Wilkinson v. Commissioner,71 T.C. 633, 638 (1979); Thompson v. Commissioner,T.C. Memo. 1979-153), petitioner would not be relieved of the necessity of satisfying his burden of proof (see Rule 142(a), Tax Court Rules of Practice and Procedure). Roberts v. Commissioner,62 T.C. 834, 838 (1974). Despite this explanation, petitioner insisted upon his Fifth Amendment privilege and refused to introduce any evidence. Petitioner has failed to carry his burden of proof and/or failed properly to prosecute his case; respondent's determination is accordingly *514 sustained. Wilkinson v. Commissioner,supra;Garcia v. Commissioner,T.C. Memo. 1979-151; Kaffenbarger v. Commissioner,T.C. Memo. 1978-128. Decision will be entered for the respondent.