JOHN D. MORELLI, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morelli v. Commissioner
Docket No. 9082-79.
United States Tax Court
T.C. Memo 1981-293; 1981 Tax Ct. Memo LEXIS 452; 42 T.C.M. (CCH) 89; T.C.M. (RIA) 81293; June 16, 1981. John D. Mrelli, Jr., pro se. Howard C. Rosenblatt, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioner's 1977 Federal income tax of $ 1,414. [1] Petitioner has alleged no errors committed by respondent in respect of the specific elements of his deficiency determination, see Rule 34(b)(4), Tax Court Rules of Practices and Procedure, and the only issue for decision is whether the respective burdens of proof of the parties have been met. *453 This case was submitted fully stipulated; the stipulations of facts and exhibits are incorporated by this reference. At the time the petition in this case was filed, petitioner resided in Garnerville, N.Y.
Petitioner filed a Federal income tax return for the taxable year at issue as a married person filing separately. The return showed $ 9,610 as income from wages, salaries, etc., but showed no other income or deductions. It also showed $ 439 Federal income tax withheld and claimed a refund thereof on the ground that "This paper 'money' received has no intrinsic value; therefore, there is no taxable income." At the outset, we deal with petitioner's arguments that he is entitled to a decision because respondent filed an untimely motion to dismiss for lack of jurisdiction on September 28, 1979, which was more than 45 days from the filing of the petition on July 16, 1979, and an untimely answer on January 7, 1980, which was more than 60 days from the date the petition was filed. Rule 36, Tax Court Rules of Practice and Procedure. Petitioner's position is without merit. A motion *454 to dismiss for lack of jurisdiction may be filed at any time, and, in any event, the Court has the power to make longer or shorter any period provided by our Rules. See Rule 25(c). That rule further provides that where a motion "is made concerning jurisdiction or the sufficiency of a pleading, the time for filing a response to that pleading shall begin to run from the date of service of the order disposing of the motion by the Court." Respondent's motion to dismiss for lack of jurisdiction was disposed of by order dated November 13, 1979, and the order was served on November 16, 1979. The filing of respondent's answer on January 7, 1980, was well within the 60-day period provided in Rule 36. In view of the foregoing, we turn to the substantive elements of the case. The burden of proof is upon petitioner as to the deficiency determined in the statutory notice of deficiency. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The record contains no evidence inconsistent with respondent's determination; a fortiori, petitioner *455 has not carried his burden. Petitioner argues that Federal Reserve Notes are not taxable dollars. That argument is without merit. E.g., Hatfield v. Commissioner, 68 T.C. 895, 897 (1977). The same is true as to his argument that only self-assessed taxes can be collected by respondent and that he has not assessed any taxes against himself, as well as his argument that he "realized" no income because he furnished an equivalent value in services. Section 61(a)(1), Internal Revenue Code of 1954; cf. Ryan v. Commissioner, 67 T.C. 212, 218 (1976), affd. and remanded 568 F.2d 531 (7th Cir. 1977). Petitioner also argues that he was entitled not to complete his income tax return because of the privilege regarding self-incrimination provided for by the Fifth Amendment to the Constitution. Whatever may be the reach of the Fifth Amendment as to the requirement that a complete tax return be filed, see Garner v. United States, 424 U.S. 648, 650-653 (1976), it has no application here. There is no indication of any criminal prosecution or investigation in progress or contemplated, and, in any event, *456 a valid claim of Fifth Amendment privilege does not relieve petitioner of his obligation to satisfy his burden of proof in a case such as this. Hartman v. Commissioner, 65 T.C. 542, 547 (1975); Roberts v. Commissioner, 62 T.C. 834, 838 (1974). [2] Finally, petitioner refers to a claim of protection under the Fourth Amendment to the Constitution, but he does not articulate any reason why the Amendment should apply, and we perceive no basis upon which it could. Respondent asserted an increased deficiency in his amended answer. See note 1, supra. The determination contained in the statutory notice of deficiency was computed according to the rates applicable to taxpayers filing as "single" and claiming one exemption. Petitioner, however, is property required to compute his taxes according to the rates applicable to taxpayers who are married filing separately, and petitioner is entitled to one exemption. The increase in deficiency is based solely upon application of the proper *457 rates. The burden of proof as to an increase in deficiency is, as a general rule, upon respondent. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner's 1977 income tax return was admitted into evidence, and on it petitioner claimed "Married filing separately" status. That uncontradicted admission meets respondent's burden of proof. See Rule 143(a), Tax Court Rules of Practice and Procedure; Fed. R. Evid. 801(d)(2); Times Tribune Co. v. Commissioner, 20 T.C. 449, 452 (1953). Decision will be entered for the respondent. Footnotes
1. Respondent issued a statutory notice of deficiency to petitioner on April 18, 1979, asserting a deficiency of $ 1,139. In his amended answer, respondent increased the deficiency determination to $ 1,414.↩
2. See also Rowley v. Commissioner, T.C. Memo. 1977-357↩.