TERRY L. HODGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hodge v. Commissioner
Docket No. 19349-82.
United States Tax Court
T.C. Memo 1984-109; 1984 Tax Ct. Memo LEXIS 562; 47 T.C.M. (CCH) 1221; T.C.M. (RIA) 84109; March 6, 1984. Terry L. Hodge, pro se. Lottie Cohen, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code [1] and Rules 180 and 181 of the Tax Court's Rules of Practice and Procedure. The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before *565 us on respondent's oral motion to dismiss for failure properly to prosecute. Respondent determined that there were deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tex § 6651(a) § 6653(a) § 6654(a)
1979
$6,363.06
$1,590.76
$318.15
$267.24
1980
5,446.95
1,361.73
272.35
348.60
Petitioner, who resides in Altadena, California, filed a timely petition with this Court in which he alleged that he was not required to file a return or pay an income tax, that he received nothing of value that qualified as income, that he enjoyed no grant of privilege or franchise and that he did not volunteer to self-assess himself. After the Answer herein was filed, petitioner filed a motion for summary judgment which was denied.
Petitioner was out of the courtroom when his case was called on the calendar and it was dismissed for failure to prosecute properly. Subsequently, petitioner advised the Court that he had been out of the courtroom temporarily for justifiable reason and the Court recalled this matter. The Court, noting that the notice of deficiency to petitioner was based upon a single filing status, *566 with one exemption and no deduction for dependents or for excess itemized deductions, advised petitioner that the taxes shown on the deficiency notice might be reduced if petitioner, who stated he was married, provided evidence to support additional exemptions or deductions. Petitioner however chose to persist in his argument that he was not a taxpayer (although he admitted that he worked for wages) and that he did not volunteer to pay taxes. Petitoner's argument is simple: he has not chosen to self-assess himself to pay Federal income taxes and therefore he is not a "taxpayer" within the meaning of the Internal Revenue Code and accordingly is not required to file a return or pay taxes. The argument indeed is simple. It is also completely incorrect. Section 7701(a)(14) defines the term "taxpayer" as "any person subject to any internal revenue tax." Section 6011(a) requires any person liable for any tax to make a return, and section 6012(a) as in effect during 1979 and 1980 provided as follows: (a) General Rule.--Returns with respect to income taxes under subtitle A shall be made by the following: (1)(A) Every individual having for the taxable year a gross income of *567 $1,000 or more, except that a return shall not be required of an individual * * * (i) Who is not married (determined by applying section 143), is not a surviving spouse (as defined in section 2(a)), and for the taxable year has a gross income of less than $3,300, (ii) who is a surviving spouse (as so defined) and for the taxable year has a gross income of less than $4,400, or (iii) who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than $5,400, but only of such individual and his spouse, at the close of the taxable year, had the same household as their home. * * * The respondent has determined that petitioner had unreported income from wages in an amount greater than the floors set forth in section 6012. Petitioner has admitted that he worked for wages and has refused to place into evidence any information about the amount of compensation he received. Petitioner has thus failed to show that he was not required to file a return. Section 1 of the Code imposes tax on the taxable income on the return and section 6151 sets forth the time and place where the tex *568 should be paid. Should a taxpayer fail to perform his statutory obligation to file a return and pay the tax shown thereon, as petitioner herein has failed, the Commissioner may then make and issue a determination of a deficiency under section 6211 to the taxpayer as was done in the instant case. Hartman v. Commissioner,65 T.C. 542 (1975). Section 301.6211-1(a), Proced. & Admin. Regs. clearly provides that where a taxpayer, as petitioner, files no return, the deficiency can be determined as if a return was made showing the amount of tax to be zero. As we stated in Hartman,supra, at 546, "Obviously, the fact that petitioner failed to file a return will not insulate him from a determination by the Commissioner that a tax is due and owing and a civil proceeding based thereon." Petitioner bears the burden of proving that the respondent's determination is incorrect, Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure, and he has chosen not to bear this burden. His petition is subject to dismissal for his failure to adduce evidence, Rule 149(b), and for his failure properly to prosecute, *569 Rule 123(b), Tax Court Rules of Practice and Procedure.
Additionally, we note that petitioner has failed to state a claim upon which relief might be afforded. His petition is duplicative of hundreds of others with language almost identical which have been filed in this Court from the southern California area. [2] The protestor-type allegations in the petition herein have been rejected uniformly by this and other courts. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983). They are not worthy of protracted discussion and serve only to reduce the time available to this Court to consider the petitions of those taxpayers who have serious issues for decision. Petitioner is admonished that for petitions filed herein subsequent to December 31, 1982, section 6673 gives this Court discretion to award damages up to $5,000 where a position is groundless, frivolous or the petition is filed or maintained primarily for delay. *570 An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See, e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Urban v. Commissioner,T.C. Memo. 1984-85; Dragoun v. Commissioner,T.C. Memo. 1984-94; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Kallsen v. Commissioner,T.C. Memo. 1984-108↩.