JOSEPH W. CLARK, BERNICE M. CLARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 10742-76.
United States Tax Court
T.C. Memo 1978-100; 1978 Tax Ct. Memo LEXIS 414; 37 T.C.M. (CCH) 452; T.C.M. (RIA) 780100; March 13, 1978, Filed *414 Joseph W. Clark, pro se Thomas N. Tomashek, for the respondent SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in income tax and additions to tax of petitioner Joseph W. Clark for the calendar years and in the amounts as follow: Income Tax
Additions to Tax, I.R.C. 1954 [1] Year
Deficiency
Sec. 6653(a)
Sec. 6651(a)
1972
$1,169.07
$58.45
$292.27
1973
1,485.84
74.29
371.46
1974
1,588.18
79.41
397.05
Respondent determined deficiencies in income tax and additions to tax of petitioner Bernice M. Clark for the calendar years and in the amounts as follow: Income Tax
Additions to Tax, I.R.C. 1954 [1] Year
Deficiency
Sec. 6653(a)
Sec. 6651(a)
1972
$494.07
$24.70
$123.52
1973
776.09
38.81
194.02
1974
627.23
31.36
156.81
The issues for decision are: (1) Whether the Form 1040 for the year 1972 submitted in the names of "Joseph W. and Bernice M. Clark" constituted a Federal income tax return, and the Forms 1040 for the years 1973 and 1974 submitted in the name of "Joseph W. Clark" constituted Federal income tax returns; and (2) whether the computation of petitioners' income taxes as set *415 forth in the notices of deficiency was arbitrary under the facts here present. FINDINGS OF FACT Petitioners' legal residence was in Seattle, Washington at the time the petition in this case was filed. For the calendar year 1972, petitioners on or about April 13, 1973, filed a Form 4868 (Application for Automatic Extension of Time to File U.S. Individual Income Tax Return) asking for an automatic extension until June 15, 1973. On June 15, 1973, they submitted to the Internal Revenue Service a Form 1040 for 1972 in the names of Joseph W. and Bernice M. Clark which showed their address and Mr. Clark's social security number. The form was signed by both Mr. and Mrs. Clark, and next to Mr. Clark's signature appeared the date June 15, 1973.No other information was shown on the document except in the spaces provided for income from wages, dividends, interest, and other sources, and in the space provided for adjusted gross income appeared the word "unknown." On the side of the return the following appears: NOTE: See "PETITION AND PROTEST" consisting of 12 pages attached hereto; also 7 pages of the sworn testimony of Roland D. Graham Vice President and General Counsel of the Federal Reserve *416 Bank of Minneapolis and the Daly Eagle of Feb. 7, 1969 attached hereto, 104 pages. Attached to the form were various documents. One of these documents, marked "PETITION AND PROTEST" contained, among other things, the statement -- That the undersigned hereby objects to the form of the 1040 Return and all Schedules and Forms appertaining thereto for the year 1972, and to the information requested thereupon and to each and every question contained thereupon, individually and severally, upon the grounds that each of the said questions call for information and evidence which would lead to information and evidence, which would uncover other information and evidence which would either actually incriminate the undersigned, or which taken along with other evidence obtained from independent sources, would tend to or actually incriminate the undersigned under either State or Federal Law or both in violation of the undersigned's rights as secured by the Constitution of the United States and of the State above named and more particularly the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments, United States Constitution, and the Common Law. This objection is made having in mind each *417 and every Criminal Statute of the United States and of every State in the United States. The other documents consisted of quotations from the United States Constitution, copies of various hearings and various statutes, as well as certain court decisions. In December 1973 another Form 1040 for the year 1972, showing both Mr. and Mrs. Clark's social security numbers and signed by both of them, was submitted. The only information contained on this form, other than the petitioners' social security numbers and Mrs. Clark's occupation being stated as "Housewife," was the number of dependency exemptions claimed. Otherwise the spaces were filled in with the word "Object" or the words "Object -- Self-incrimination" or "Object--incrimination" or the word "None." On the side of the return the following appears: ATTACHED: 4 page letter to Mr. Robert S. Perry stating Court decisions and Citations that have caused me to make this "good faith challenge". Also 2 exhibits: Vivian Kellems and congressional record. Attached to this Form 1040 was a letter from petitioner Joseph W. Clark to the Western Regional Director, Internal Revenue Service, asserting in general a claim of privilege against self-incrimination *418 and a copy of an excerpt from the Congressional Record. Petitioner Joseph W. Clark submitted a Form 1040 for the year 1973 which was shown as signed on August 5, 1974, containing no information other than the word "None" and the words "Object--5th Amm." in answer to some of the questions on the form. Typed along the side of the Form 1040 was the following: ATTACHED: 4 page letter stating Court decisions and Citations that have caused me to take this method of filing to make this "good faith challenge". Also 2 exhibits: Vivian Kellems and Congressional Record. Documents comparable to those attached to the Forms 1040 submitted by petitioners for 1972 were attached to this Form 1040. For the year 1974, petitioner Joseph W. Clark submitted a Form 1040, signed under date of July 15, 1975, to the Internal Revenue Service which again showed only his social security number, the number of dependents claimed, and otherwise either the word "None" or the words "Object--5th Amm." This form 1040 had typed on the side the same exact words as were typed on the Form 1040 for 1973 which petitioner submitted to the Internal Revenue Service. At some point petitioner Joseph W. Clark was visited by *419 a special agent of the Internal Revenue Service. Thereafter a revenue agent called on petitioners and informed them that he was investigating their civil tax liabilities. The revenue agent asked petitioners on numerous occasions for their books and records and petitioners on each occasion refused to supply any books and records to the revenue agent. The revenue agent then informed petitioners that absent their furnishing books and records he would proceed to compute petitioners' taxable income from third party sources. The revenue agent checked petitioners' bank accounts and added up the totals of these accounts after deleting items which appeared to be redeposits or non-income items. The agent then requisitioned the Federal income tax return filed by petitioners Joseph W. and Bernice M. Clark for the year 1971 and from this return determined the percentage of petitioners' business expenses in that year to the gross income reported in that year and applied this percentage to the gross income he had reconstructed for the years 1972, 1973 and 1974 to determine petitioners' net income. Respondent's notice of deficiency to Mr. Clark, which was based on the findings and report of the *420 revenue agent, explained the determinations of gross income set forth therein as follows: As you have failed to file income tax returns for the 1972, 1973 and 1974 taxable years and have not produced books and records for examination, your gross income for those years has been determined from third party documentation. For the 1972 year, gross income is computed by reference to deposits in the National Bank of Commerce and Seattle First National Bank. It is determined that for the 1972 year your gross income, as computed under the bank deposits method, amounts to $7,619.39. This amount represents your community one-half of such income reportable by you on a separate return basis and your taxable income is increased by $7,619.39. For the year 1973 gross income is computed by reference to deposits in the Seattle First National Bank and from amounts received by you from Home Finders, Inc. Since your community one-half share of this income has not been included in taxable income heretofore, your taxable income is increased by $8,766.04 for the 1973 year. For the taxable year 1974 gross income is computed by reference to payments made to you or on your behalf by Home Finders, Inc. *421 Since your community one-half share of this income has not been included in taxable income heretofore, your taxable income is increased by $8,814.40. The statement attached to the notice of deficiency then showed the business expense reduction as determined by respondent, showed an allowance of the standard deduction and an allowance of two exemptions. It further showed a computation of Mr. Clark's income tax and self-employment tax. The notice of deficiency further informed Mr. Clark that it had been determined that part of the underpayment of tax was due to negligence or intentional disregard of rules and regulations and the 5 percent additional tax provided under section 6653(a) was being asserted, and, since returns had not been filed and it had not been established that the failure to file was due to reasonable cause, the additional tax provided under section 6651(a) was being asserted. The deficiency notice sent to Mrs. Clark was substantially the same as that sent to Mr. Clark except that there was no computation for self-employment tax. OPINION Petitioner Joseph W. Clark's sole position in this case is that his returns were adequate in that they protected his rights under *422 the Fifth Amendment against self-incrimination, and that respondent's determination of the tax liability was arbitrary. Petitioner, in support of his position, relies upon Gardner v. Broderick,392 U.S. 273 (1968), and Garner v. United States,424 U.S. 648 (1976). Neither of these cases involves the issue of whether a document filed constitutes a return or whether a person may be relieved of filing a return by claiming his Fifth Amendment rights. In Garner v. United States,supra, the Court specifically points out that in United States v. Sullivan,274 U.S. 259 (1927), the Court held that the privilege against self-incrimination is not a defense to prosecution for failing to file a return at all, but that the indication was that the privilege could be claimed against specific disclosures sought on a return. In fact, in the Garner case it is suggested that among the options open to the Internal Revenue Service where the privilege against self-incrimination is invoked on a return is to complete the taxpayer's return administratively from such information as can be obtained from other sources. We have held in numerous cases that Forms 1040 such as those filed by petitioners for 1972 *423 and by Mr. Clark for 1973 and 1974 do not constitute a tax return. Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Gajewski v. Commissioner,67 T.C. 181, 193 (1976); Hartman v. Commissioner,65 T.C. 542 (1975). This record contains no evidence that Mrs. Clark filed any forms of any type with the Internal Revenue Service with respect to her income for the years 1973 and 1974, and the clear indication from the record is that she did not. We therefore sustain respondent's determination against both petitioners for the additions to tax for failure to file a return. The method used by the revenue agent to compute petitioners' taxable income which respondent adopted in the notice of deficiency was reasonable under the circumstances with which the agent was confronted in this case. See Cupp v. Commissioner,supra. We therefore sustain respondent's determination of deficiencies against Mr. and Mrs. Clark. No evidence was offered in this case to show any error on the part of respondent in asserting the additions to tax for negligence under section 6653(a). Mr. Clark did argue that this addition to tax should not be asserted against the self-employment *424 tax determined by respondent, but cited nothing in support of this argument. Section 6653(a) provides [2] that if any part of any underpayment of any tax imposed by subtitle A or by chapter 12 of subtitle B is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. The self-employment tax is provided for in sections 1401 through 1403, which sections are part of subtitle A of the Internal Revenue Code. Therefore, there is no basis for petitioner's contention that the additions to tax for negligence or intentional disregard of rules and regulations should not be applicable to the self-employment tax. Decision *425 will be entered for the respondent . Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩